QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Charles K. Verhoeven (Bar No. 170151)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
E-Mail: charlesverhoeven@quinnemanuel.com

  Robert W. Stone (Bar No. 163513)
  Jeffrey N. Boozell (Bar No. 199507)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-213
Telephone: (650) 801-5000
Facsimile: (415) 801-5100
E-Mail: robertstone@quinnemanuel.com
E-Mail: jeffboozell@quinnemanuel.com

Attorneys for Defendant International Business Machines Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ASUSTEK COMPUTER, INC., | CASE NO. 08-CV-602-JM (WMc) |
|---|---|
| Plaintiff, | DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT |
| vs. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Judge: Hon. Jeffrey T. Miller<br>Date: May 30, 2008 |
| Defendant. | Time: 1:30 p.m.<br>Crtrm.: 16 |
| | Complaint Filed: April 2, 2008 |

# MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

This lawsuit represents the latest move by ASUSTeK in connection with a series of disputes between the parties relating to ASUSTeK's infringement of three IBM patents. Those other disputes, pending before the International Trade Commission and the Northern District of California, are already underway. Here, in an apparent attempt to pressure IBM, ASUSTeK now alleges that IBM infringes two patents that were acquired by ASUSTeK the day before it filed the instant complaint. In its rush to the courthouse, however, ASUSTeK has filed a hopelessly vague, "bare-bones" complaint against IBM which fails to identify even a single IBM product that infringes any of the 64 claims contained in the two asserted patents. Given that IBM manufactures thousands and thousands of products, such pleading is impermissibly indefinite. Accordingly, ASUSTeK should, at the very least, be required to provide IBM with adequate notice of the nature of its infringement claims by specifically identifying the allegedly infringing products.

ASUSTeK will be hard pressed to oppose the relief requested in this Motion on any grounds, given that earlier this year it requested the very same relief which IBM now seeks. In *Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.*, 2008 WL 200340, 1 (D. Utah January 22, 2008), ASUSTeK, under strikingly similar circumstances, argued that the plaintiff should be required to specify the precise ASUSTeK products that allegedly infringed the patents-in-suit.[1] Thus, IBM seeks nothing more than what ASUSTeK has sought under similar circumstances.

---

[1] IBM has attached ASUSTeK's motion, as well as the Court's order granting the motion in part, as Exs. 2 & 3 to IBM's Request for Judicial Notice in Support of Motion for More Definite Statement ("RJN"), filed herewith.

**Factual Background**

I.  THE PARTIES

Defendant IBM is the world's largest information technology company. Incorporated in 1911 as the Computing-Tabulating-Recording Company, IBM has long been a pioneer in information technology. From its first scales, tabulators, and clocks to today's powerful computers and vast global networks, countless IBM product offerings have been designed and developed to record, process, communicate, store, and/or retrieve information. IBM's innovations in the computer industry, from the introduction of the first machine that could execute long computations automatically to the development of "Deep Blue," a computer programmed to play chess on a world-class level, have resulted in numerous technological advances as well as several Nobel Prizes.

Plaintiff ASUSTeK is a Taiwanese corporation with its principal place of business in Taipei, Taiwan. ASUSTeK manufactures and imports computer products, including notebooks, servers, routers, and computer components such as motherboards and graphics cards.

II.  THE ITC PROCEEDINGS AND PARALLEL LITIGATION IN THE NORTHERN DISTRICT OF CALIFORNIA

On December 5, 2007, IBM filed a complaint with the International Trade Commission ("ITC") requesting that the Commission commence an investigation against ASUSTeK pursuant to Section 337 of the Tariff Act of 1930 based upon ASUSTeK's importation or sale for importation into the United States of products that infringe three IBM patents. On January 31, 2007, IBM filed an amended complaint alleging that ASUSTeK has engaged in the unlawful sale and importation into the United States of certain computer products which infringe claims 1 and 2 of U.S. Patent No. 5,008,829, claim 1 of U.S. Patent No. 5,249,741, and claims 1, 8, 13, 14, 22 and 23 of U.S. Patent No. 5,371,852. *See* RJN ¶ 5, Ex. E.

In response to IBM's ITC complaint, ASUSTeK filed a complaint in the United States District Court for the Northern District of California on February 27, 2008, seeking declaratory judgment that the 5,008,829, 5,249,741, and 5,371,852 patents asserted against it in the ITC proceeding are either not infringed or invalid. *See* Complaint in Case No. 08-cv-01168-MMC,

filed February 27, 2008 (RJN ¶ 4, Ex. D).  On March 24, 2008, IBM counterclaimed and sought damages related to ASUSTeK's infringement.  *See* RJN ¶ 6, Ex. F.

III.   THE INSTANT LITIGATION

On April 2, 2008, just one day after acquiring the patents-in-suit,[2] ASUSTeK filed its complaint in the instant action alleging that IBM infringes two patents:  U.S. Patent No. 6,041,346 ("the '346 patent") and U.S. Patent No. 7,103,765 ("the '765 patent").  The '346 patent contains 40 claims.  The '765 patent contains 24 claims.  With respect to the '346 patent, ASUSTeK's allegations of infringement are, in their entirety, as follows: "IBM has infringed and continues to infringe directly and/or indirectly, literally and/or under the doctrine of equivalents, **one or more claims** of the '346 patent by making, using, offering to sell, **or** selling within the United States, including this judicial district, or importing into the United States, **storage area network products, software, and/or components thereof**."  Compl. ¶ 8 (emphasis added).

The allegations related to the '765 patent are similarly vague:  "IBM has infringed and continues to infringe directly and/or indirectly, literally and/or under the doctrine of equivalents, **one or more claims** of the '346 patent by making, using, offering to sell, **or** selling within the United States, including this judicial district, or importing into the United States, **servers, software and/or components thereof.**"  Compl. ¶ 13 (emphasis added).  Beyond the exceedingly broad product categories of "storage area network products" and "servers," ASUSTeK's complaint offers no clue as to which specific IBM products, software, or components thereof—which it may either "mak[e], us[e], offe[r] to sell, or sel[l]"—allegedly infringe the '346 or '765 patents.

Rather than file this action in the same forum that it chose to file the parallel action, ASUSTeK has instead initiated this dispute in yet a third forum, the Southern District of California.[3]

---

[2]   The '346 and '765 patents were acquired by ASUSTeK on April 1, 2008.  *See* RJN ¶ 1, Ex. A.

[3]   IBM expressly reserves its right to challenge the appropriateness of venue in the Southern District of California.

**Argument**

I.  IBM IS ENTITLED TO RELIEF UNDER RULE 12(E) BECAUSE ASUSTEK'S ALLEGATIONS ARE HOPELESSLY VAGUE

Federal Rule of Civil Procedure 12(e) provides, in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." When applied to patent cases, courts have routinely held that a defendant "should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent . . . ." *Bay Industries, Inc. v. Tru-Arx Mfg., LLC*, 2006 WL 3469599, *2 (E.D. Wis. 2006); *cf. In re Independent Serv. Org. Antitrust Litig.*, 85 F. Supp. 2d 1130, 1169 (D. Kan. 2000) (stating that if the defendant "did not truly know which parts were covered by the patents identified, it could have filed a motion for a more definite statement under Rule 12(e)"). As a result, courts have ordered Rule 12(e) relief in patent infringement cases where plaintiffs have failed to identify any allegedly infringing products. *See eSoft, Inc. v. Astaro Corp.*, 2006 WL 2164454, *2 (D. Colo. 2006)(holding that a defendant cannot realistically be expected to frame a responsive pleading in the absence of any indication as to which of its products are accused); *Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 WL 2346152 at *6 (S.D.N.Y. Oct. 19, 2004) (same); *In re Papst Licensing, GmbH, Patent Litig.*, 2001 WL 179926 at *2 (E.D. La. Feb. 22, 2001) (same).

For example, in *In re Papst*, the court granted defendant IBM's motion for a more definite statement where plaintiff Papst had not identified the IBM products that allegedly infringed its patents. 2001 WL 179926 at *2. The court held that the complaint required IBM to interpret every claim potentially at issue, "and then compare them to any IBM product that contains a hard disk drive." *Id.* at *1. As a result, the court granted IBM's motion for more definite statement, concluding that IBM was reasonable in seeking "to limit the number of comparisons it will have to make to IBM products." *Id.* at *2.

The United States District Court for the Eastern District of Wisconsin employed analogous reasoning in granting the defendant's motion for a more definite statement in *Bay Industries, Inc.*, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006). There, the court granted the defendant's motion for

a more definite statement, reasoning that "by failing to identify any allegedly infringing product or to set forth a limiting parameter, plaintiff in effect is requiring defendant to compare its approximately 40 products to at least 20 claims of the '433 patent in order to formulate a response." *Id.* at *2. The court found this to be an unreasonable burden on the defendant, stating: "Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent." *Id.*

Finally, the court in *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) found dismissal of a patent owner's patent infringement suit for failure to identify the allegedly infringing products appropriate, on the grounds that the plaintiff's pleading lacked the specificity required to provide the defendants with fair notice as required under Federal Rule of Civil Procedure 8(a)(2). In *Intergraph Corp.*, the court read the plaintiff's complaint as tantamount to alleging that "one or more of defendant's 4000-plus products directly infringes, contributorily infringes, or induces infringement of at least one claim in each of the patents-in-suit." *Id.* at *1. The court found that the plaintiff's allegations had not provided the defendant with fair notice of the plaintiff's claims, and therefore failed to satisfy Fed. R. Civ. P. 8(a)(2). *Id.* In fact, the court in *Intergraph Corp.* found such allegations so grossly deficient as to constitute grounds for dismissal of the case. *Id.* at *2.

The reasoning of these cases applies forcefully to the instant case. ASUSTeK's cookie-cutter infringement allegations are hopelessly vague, and IBM cannot be reasonably expected to frame a meaningful response to them in their present form. Not only do ASUSTeK's allegations fail to specifically identify any infringing product, software offering, or component thereof, they also fail to specify whether the alleged infringement occurs through IBM "making, using, offering to sell, *or* selling" the accused products. *See* Compl. ¶¶ 8, 13. In fact, as drafted, the accused instrumentalities may include not only products, software, or the components thereof developed or manufactured by IBM, but even third-party products, software, or components that may be integrated into IBM's products. In order to respond to the complaint, IBM is therefore left to wonder which of its numerous product offerings is accused of infringing one or more of the 64 claims of the '346 and '765 patents. *See* Compl. ¶¶ 8, 13. IBM should not have to guess. Rule

12(e) and numerous Court decisions interpreting that Rule support the instant Motion. Accordingly, the Court should grant IBM's Motion and order ASUSTeK to specifically identify the products it accuses of infringement.

## II.   ASUSTEK CANNOT CREDIBLY OPPOSE IBM'S MOTION

ASUSTeK itself has sought judicial relief by way of a Rule 12(e) Motion under circumstances strikingly similar to those at issue here. It should not now be permitted to advance a contrary position. In *Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.*, 2008 WL 200340 (D. Utah January 22, 2008), ASUSTeK, as a third-party defendant in a patent infringement case, requested the very same relief which IBM now requests. In *Adams*, the plaintiff alleged in its complaint that the defendants had "infringed various claims of each of the patents-in-suit in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale and/or offer for sale of computer chips, and motherboards." *Id.*  Third Party defendants ASUS Computer International and ASUSTeK Computer, Inc. (collectively "ASUSTeK")[4] moved for a more definite statement, claiming that they were "in the dark without a specific allegation of which of their products 'allegedly infringes a claim of a patent allegedly owned by Plaintiff,'" *Id.* at *1.

ASUSTeK averred that it "designs, manufactures, tests, or sells at least 117 different models of notebooks and 174 different series of motherboards. Each series of motherboards encompasses at least one model or revision, and may include multiple models." *Id.* Thus, ASUSTeK argued, given the number of potentially infringing products, the plaintiff should be required to identify the specific products that allegedly infringed the patents-in-suit. *Id.*; *see also* ASUSTeK's Motion for More Definite Statement  (RJN ¶ 2, Ex. B).  The court, in ruling on the motion, noted that "the alleged infringer [in a patent infringement suit] is entitled to a statement of which products are alleged to infringe." 2008 WL 200340 at *1.

---

[4] ASUSTeK Computer, Inc. is a Taiwanese corporation with its principal place of business located at Peitou, Taipei, Taiwan. ASUS Computer International is a wholly-owned United States subsidiary of ASUSTeK Computer, Inc. with its principal place of business located in Fremont, California.

1  Here, ASUSTeK's infringement claims are nearly identical in form and scope to those that
2  ASUSTeK deemed too vague to answer in *Adams*. ASUSTeK has strenuously argued that such
3  skeletal pleadings are insufficient. IBM agrees and seeks nothing more than to hold ASUSTeK to
4  the very same pleading standards to which it has held other plaintiffs.

## CONCLUSION

6  ASUSTeK's current complaint is so vague and indefinite that IBM cannot reasonably be
7  required to frame a responsive pleading. IBM therefore respectfully requests that this Court order
8  ASUSTeK to amend its pleading to specify which of IBM's products ASUSTeK is accusing of
9  infringement of the '346 and '765 patents.

11  DATED: April 23, 2008            QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP

                                       By **s/Jeffrey N. Boozell**
                                         Jeffrey N. Boozell
                                         Attorneys for Defendant International Business
                                         Machines Corporation
                                         E-Mail: jeffboozell@quinnemanuel.com