# EXHIBIT B

E.B.3

DURHAM JONES & PINEGAR
R. Stephen Marshall (1671)
J. Mark Gibb (5702)
Erik A. Olson (8479)
111 East Broadway, #900
Salt Lake City, Utah 84111
Telephone: (801) 415-3000

Attorneys for ASUStek Computer, Inc. and ASUS Computer International

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., MPC COMPUTERS LLC, AND SONY ELECTRONICS INC.,<br><br>Defendants. | MEMORANDUM IN SUPPORT OF ASUS AND ASUSTEK'S MOTION FOR MORE DEFINITE STATEMENT, AND/OR FOR AN ORDER REQUIRING A REPLY TO THE ANSWER TO CERTAIN PARAGRAPHS OF THE CROSS COMPLAINT<br><br>Civil No. 1:05 CV 64 TS<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer<br>ORAL ARGUMENT REQUESTED |

3

Third Party Defendants ASUStek Computer, Inc. and ASUS Computer International ("Asus" or "Defendant"), hereby submits its motion for an order requiring plaintiff to file a more definite statement regarding paragraphs 12-14 of the plaintiff's Cross Complaint or for an order requiring plaintiff Plaintiff ("Adams" or "Plaintiff") to reply to defendant's Answer to the plaintiff's Cross Complaint dated May 3, 2007 by filing a reply to paragraphs 12-14 of the Answer and the Defenses to the Complaint, No. 10.

BACKGROUND FACTS

1.  In its Complaint, Plaintiff alleges:

    Winbond, ASUS and ITE have infringed <u>various claims of each of the patents-in-suit</u> in violation of 35 U.S.C. ' 271 <u>through, among other activities, the manufacture, use, importation, sale</u> **and/or** <u>offer for sale of computer chips, and motherboards</u>. In addition to their direct infringement, Winbond, ASUS and ITE have also knowingly and intentionally induced others to infringe under 35 U.S.C. ' 271(b) (such as its customers and end-users in this judicial district and throughout the United States) by intentionally aiding, assisting and encouraging their infringement, and defendants have knowingly contributed to the infringement of others under 35 U.S.C. ' 271(c) (such as its customers and end-users in this judicial district and throughout the United States) <u>by supplying their technical know-how and specially modified computer chips and motherboards (which are non-staple articles of commerce having no substantial non-infringing use)</u>. The infringement that has occurred is at least of the following claims of the following patents:

| Patent Number | Claims |
|---|---|
| 5,379,414 | 1 |
| 5,983,002 | 1-6; 8-15 |
| 6,401,222 | 1-7; 9-16; 18-20 |
| 6,195,767 | 1; 10-12 |
| 6,687,858 | 1; 3-4 |

2

4

Cross Complaint at ¶12; see Cross Complaint at ¶¶ 13-14 (plaintiff alleges infringement by unspecified accused devices regarding "the patents-in-suit"). Nowhere in its Cross Complaint does plaintiff specify what products of Asus are at issue; nowhere in its Cross Complaint does plaintiff specify which services or supply of "know how" by Asus allegedly infringe the over 40 claims specified by plaintiff.

ARGUMENT

Plaintiff curiously has specified which 40 claims of each patent are at issue but has not specified any products are at issue in its Cross Complaint. In the context of patent litigation, the Federal Circuit has noted that "this requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." Phonometrics v. Hospitality Franchise Systems, Inc., 203 F.3d 790, 794 (Fed. Cir. 2000). Plaintiff cannot seriously defend that it should be allowed to "charge[] infringement in general terms only. It[s complaint] contained no specific allegation as to which of the claims of Patent [] had been infringed or as to how infringement was committed." Reynolds-Southwestern Corp. v. Dresser Industries, Inc., 372 F.2d 592, 594 (5th Cir. 1967). In Reynolds, the Fifth Circuit implicitly encouraged the defendant to file motions for more definite statement so that the record is clear which parts of a patent are alleged to be infringed: "The first 148 pages of the printed record are consumed by numerous motion, counter-motions, memorandums and counter-memorandums, but we find no motion for a more definite statement under Civil Rule 12. We gather from the briefs that by common consent the case was tried on the theory that Claims 13, 14, 18, and 20 of Patent 885 were the ones in issue." Id.

3

Plaintiff may argue that discovery can reveal which claims are at issue in each patent. However, the Federal Rules regarding discovery do not appear to allow a party to discover a party's <u>legal basis</u> for claims but instead allow a party to discover the <u>factual basis</u> for claims: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of <u>admissible evidence</u>." Rule 26(b)(1), *Discovery Scope and Limits*, Fed. R. Civ. P. Thus, discovery of a party's specific legal basis for its claims is encouraged under Rule 12(e) and the discovery rules involve discovery of evidence.

Further, recent federal district court decisions not cited by plaintiff encourage plaintiffs in federal patent infringement cases to specify which products infringe each patent and that because, according to the district court in the Southern District of New York, the case involves complex legal issues and "courts have considered Rule 12(e) relief appropriate in patent infringement cases where a plaintiff has failed to identify any allegedly infringing product or products." <u>Agilent Techs., Inc. v. Micromuse, Inc.</u>, 2004 U.S. Dist. LEXIS 20723 at 13-14 (attached hereto as Exh. "1") (citing <u>In re Papast Licensing, GmbH, Patent Litig.</u>, 2001 U.S. Dist. LEXIS 2255, Nos. MDL 1298 & C.A> 99-3118, 2001 WL 179926 at *2 (E.D. La. Feb. 22, 2001)(concluding that the plaintiff's complaint must be amended to specifically identify which of the defendant's products are alleged to have infringed the plaintiff's patents); cf. <u>Creative Copier Servs. V. Xerox Corp. (In re Indep. Serv. Orgs. Antitrust Litig.)</u>, 85 F.Supp. 1130, 1169 (D. Kansas 2000) (denying the plaintiff's motion for summary judgment on a defendant's counterclaim where the plaintiff argued that it did not have adequate notice of which of its devices allegedly infringed the defendant's patents, observing that the plaintiff had already answered the

4

6

counterclaim and that, if the plaintiff "did not truly know which parts were covered by the patents identified, it could have filed a motion for a more definite statement under Rule 12(e)").

In <u>Hewlett-Packard Co. v. Intergraph Corp.</u>, 2003 U.S. Dist. LEXIS 26092 at 6-7 (attached hereto as Exhibit "2"), the district court of the Northern District of California found that like Adams here, the plaintiff in that case alleged infringement of "at least one claim" of plaintiff's patents:

"Plaintiff's claim must be read as follows: one or more of Defendant's 4000-plus products directly infringes, contributorily infringes, or induces infringement of at least one claim in each of the patents-in-suit. Form 16 [Federal Form 16,1] simply does not address a factual scenario of this sort. Not only is the example in Form 16 limited to a single "type" of product (*i.e.*, electric motors) there is no indication as to the number of different electric motors the hypothetical defendant made, sold, or used. In this case, there are at least 150 different "types" of products (*i.e.* core technology platforms) with more than 4000 end-user applications. Based on these facts, the Court finds that Plaintiff's allegations do not provide Defendant with "fair notice" of what Plaintiff's claim or claims are and, therefore, fail to satisfy Rule 8(a)(2)."

The <u>Hewlett-Packard</u> Court noted, as this Court should also, that plaintiff's complaint fails to distinguish between direct infringement, contributory infringement and inducing infringement and

---

1 Federal Form 16 provides the following as an example of a direct patent infringement claim that is sufficient under Rule 8(a)(2): "Defendant has for a long time past been and still is infringing [the patent-in-suit] by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court."

granted defendant's motion for more definite statement and required plaintiff to specify the type of infringement, which claims are infringed and which products infringed the claims specified.

By failing to specify which accused product or products allegedly infringes a claim of a patent allegedly owned by Plaintiff, Plaintiff saddles Defendant with an onerous burden of analyzing all claims contained in six patents and comparing those claims against all of its products. At the outset of this patent litigation, plaintiff and defendant should know which products are alleged to infringe specific claims of each patent at issue in this action. It should be noted that while the plaintiff has specified the 40 claims from 6 different patents at issue, it failed to specified which of the myriad of products offered by Asus infringed any distinct claim. Defendant Asus is left to wonder which product is alleged to have infringed which claim. Further because plaintiff's complaint speaks of "manufacture, use, importation, sale **and/or** offer for sale of computer chips and motherboards", Asus cannot know which activity it allegedly is accused of. To save the parties and this Court time and extensive cost, plaintiff should be required now to identify every claim that each accused product allegedly infringes. The Court should order plaintiff to file a more definite statement of its claims under Rule 12(e) or reply to the Answer and specify which accused product of defendant allegedly infringes a claim of a patent owned by plaintiff and which claim(s) in said patent was allegedly infringed by defendant.

In a similar circumstance in a patent case in this district, Judge Cassell ruled that while Rule 12(e) motions are not generally favored, they should be encouraged at the outset of complex patent litigations to encourage parties to define their claims. He stated, "In the present case, patent 804 has 19 claims; patent 609 has 1 claim. Seirus is alleging that six of Do-Gree's

6

8

products infringe one or more of these claims. The court is satisfied that in this case Do-Gree cannot reasonably fram a responsive pleading absent allegations specifying which patent and which claims each of Do-Gree's six accused products infringe." Seirus Innovative Accessories, Inc. v. Do-Gree Fashions, Ltd., Civil No. 2:05CV355PGC, Order Granting Defendant's Motion for More Definite Statement, Docket No. 17, attached hereto as Exhibit "3" at 2.

Out of an abundance of caution, defendant first filed this Motion and then immediately filed an Answer that stated Defendant had difficulty answering the patent infringement claims and requested a more definite statement or a reply to the Answer so that defendant could know which claims for each patent were at issue. See Answer at ¶¶ 12-14, Defense to the Complaint No. 10.[2] Thus, defendant preserved its motion.

Defendant desires to understand the exact nature of plaintiff's claims. Plaintiff should be required to disclose which claims it believes are allegedly infringed by each accused device.

---

2 While not a patent case, the Tenth Circuit in a §1983 suit stated that the Court may order a reply to the defendant's or a third party's answer under Federal Rule of Civil Procedure 7(a) or grant the defendant's motion for a more definite statement under Rule 12(e). Thus, the court may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment. See Currier v. Doran, 242 F.3d 905, 915 (10th Cir. 2001).

DATED this 29th day of May, 2007.

DURHAM JONES & PINEGAR

By: /s/ J. Mark Gibb
R. Stephen Marshall (2097)
J. Mark Gibb (5702)
Erik A. Olson (8479)
Attorneys for ASUStek Computer, Inc. and
ASUS Computer International

CERTIFICATE OF SERVICE

I certify that on this 29th day of May, 2007, I filed the foregoing by e-filing to the Court by ECF/CM and served the following by that same means:

Attorneys for Phillip M. Adams & Associates, L.L.C.

Vasilios D. Dossas
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602
Gregory D. Phillips
Howard Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah 84102

Attorneys for Dell, Inc.

Reginald J. Hill
Jenner & Block LLP
330 North Wabash Avenue
Chicago, IL 60611
Terry E. Welch
Parr Waddoups Brown Gee & Loveless
185 S. State Street, Suite 1300
Salt Lake City, Utah 84111

8

Attorneys for Fujitsu Computer Systems Corp. and Fujitsu Limited

Parisa Jorjani
Morrison & Forrester LLP
425 Market Street
San Francisco, CA 94105-2482
Sterling A. Brennan
Workman Nydegger
1000 Eagle Gate Tower,
60 E. South Temple
Salt Lake City, Utah 84111

Attorneys for MPC Computers, LLC

Brian Jackson
Howrey LLP Jackson
1111 Louisiana, 25Floor
Houston, TX 77002-5242
Jeremy O. Evans
Walter Evans & Huntsman
10421 Jordan Gateway, Suite 550
South Jordan, Utah 84095

Attorneys for Sony Electronics Inc.

Kevin P.B. Johnson
Todd M. Briggs
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560 Redwood Shores, CA 94065-2139
Ray Quinney & Nebeker, P.C.

Rick B. Hoggard
Arthur B. Berger
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

Attorneys for Third-Party Defendant and Rule 14(a) Claimant WINBOND ELECTRONICS CORP.

CLYDE SNOW SESSIONS & SWENSON
Neil A. Kaplan
Jennifer A. James
Christopher B. Snow
201 South Main Street, #1300
Salt Lake City, Utah 84111-2216

AKIN GUMP STRAUSS HAUER & FELD, LLP
Yitai Hu
Sean P. DeBruine
Gary C. Ma
Richard Chae
2 Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306

/s/ J. Mark Gibb