# EXHIBIT D
# (1 of 2)

E.D.18

1   John P. Schnurer, SBN 185725, schnurer@fr.com
    Fish & Richardson P.C.
2   12390 El Camino Real
    San Diego, CA 92130
3   Telephone: (858) 678-5070
    Facsimile: (858) 678-5099
4
    Attorneys for Plaintiffs
5   ASUSTeK Computer, Inc. and ASUS Computer International

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  ASUSTEK COMPUTER, INC., and            Case No. CV 08 1168
    ASUS COMPUTER INTERNATIONAL,
12                                         **COMPLAINT FOR DECLARATORY**
             Plaintiffs,                   **JUDGMENT**
13
         v.                                **DEMAND FOR JURY TRIAL**
14
    INTERNATIONAL BUSINESS MACHINES
15  CORPORATION,

16           Defendant.

17

18      Plaintiffs AsusTeK Computer, Inc. and ASUS Computer International (collectively

19  Plaintiffs or "ASUS") hereby plead the following claims for Declaratory Judgment against

20  Defendant International Business Machines Corporation ("IBM"), and allege as follows.

21                              **PARTIES**

22      1.      Plaintiff AsusTek Computer, Inc. (hereinafter "AsusTek") is a Taiwanese

23  corporation with its principal place of business located at 4F No. 150 Li-Te Road, Peitou, Taipei,

24  Taiwan.

25      2.      Plaintiff ASUS Computer International (herinafter "ACI") is a wholly-owned

26  United States subsidiary of AsusTeK with its principal place of business located at 44370 Nobel

27  Drive, Fremont, California 94538.

28

                                1.    COMPLAINT FOR DECLARATORY JUDGMENT

1    3.    On information an belief, Defendant IBM is a New York corporation with its

2    principal place of business located at New Orchard Road, Armonk, New York 10504.

3    **JURISDICTION AND VENUE**

4    4.    The Court has subject matter jurisdiction over this action and the matters pleaded

5    herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal

6    Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35

7    U.S.C. § 101, *et seq.*

8    5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b),(c), and

9    1400(b).

10    **INTRADISTRICT ASSIGNMENT**

11    6.    This action for a declaratory judgment of non-infringement and invalidity of

12    patents is assigned on a district-wide basis under Civil L.R. 3-2(c).

13    **GENERAL ALLEGATIONS**

14    7.    On December 5, 2007, IBM filed a Complaint with the International Trade

15    Commission ("hereinafter ITC Complaint") (attached hereto as Exhibit 1 [without exhibits]) and

16    requested that the Commission commence an investigation against ASUS pursuant to Section 337

17    of the Tariff Act of 1930, as amended.

18    8.    On January 31, 2008, IBM filed an Amended Complaint adding Pegatron

19    Corporation and Unihan Corporation as additional Respondents (attached hereto as Exhibit 2

20    [without exhibits]).  The Amended Complaint alleges that ASUS has engaged in unlawful

21    importation into the United States, the sale for importation into the United States and/or the sale

22    within the United States after importation of certain computer products, including notebooks,

23    servers, barebones and routers, computer components, including motherboards and graphic cards,

24    and products containing such infringing computer components (collectively "accused products"),

25    which allegedly infringe claims 1 and 2 of U.S. Patent No. 5,008,829 ("the '829 patent"), attached

26    hereto as Exhibit 3; claim 1 of U.S. Patent No. 5,249,741 ("the '741 patent"), attached hereto as

27    Exhibit 4; and claims 1, 8, 13, 14, 22, and 23 of U.S. Patent No. 5,371,852 ("the '852 patent"),

28    attached hereto as Exhibit 5 (collectively "the asserted patents").

2    COMPLAINT FOR DECLARATORY JUDGMENT

9.      Upon information and belief, IBM contends the claims of the asserted patents are valid.

10.     ASUS denies that those accused products or any of ASUS' products infringe any claim of the '829 patent, the '741 patent, or the '852 patent, and also denies that these patents are valid.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-Infringement

11.     ASUS incorporates herein the allegations of paragraphs 1-10.

12.     An actual and justiciable controversy exists between Plaintiffs ASUS and Defendant IBM as to non-infringement of the '829 patent, the '741 patent, and the '852 patent, which is evidenced by IBM's Complaint and Amended Complaint to the ITC set forth above, and ASUS's allegations herein.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that ASUS does not infringe and has not infringed any claim of the '829 patent, the '741 patent, and the '852 patent.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity

14.     ASUS incorporates herein the allegations of paragraphs 1-10.

15.     An actual and justiciable controversy exists between ASUS and IBM as to the invalidity of the '829 patent, the '741 patent, and the '852 patent, which is evidenced by IBM's Complaint and Amended Complaint to the ITC and ASUS's allegations herein.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that one or more claims of the '829 patent, the '741 patent, and the '852 patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, sections 102, 103 and 112.

/ / /

/ / /

/ / /

1

## PRAYER FOR RELIEF

2      WHEREFORE, Plaintiffs ASUS pray that the Court enter declaratory judgment as follows:

3      (1)     That ASUS does not infringe and has not infringed, directly or indirectly, the '829

4  patent, the '741 patent, and the '852 patent;

5      (2)     That the '829 patent, the '741 patent, and the '852 patent are invalid;

6      (3)     That IBM, and all persons acting on its behalf or in concert with it, be permanently

7  enjoined and restrained from charging, orally or in writing, that any of the '829 patent, the '741

8  patent, and the '852 patent is infringed by ASUS, directly or indirectly.

9      (4)     That ASUS be awarded its costs, expenses and reasonable attorney fees in this

10  action; and

11      (5)     That ASUS be awarded such other and further relief as the Court may deem

12  appropriate.

13

## DEMAND FOR JURY TRIAL

14      Plaintiffs ASUS hereby demands a jury trial in this action.

15

16  DATED:     February 27, 2008              FISH & RICHARDSON P.C.

17

18                                           By: _____

19                                           Attorneys for Plaintiffs
                                             AsusTeK Computer, Inc. and ASUS Computer
                                             International

20

21

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

22      Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

23  associations of persons, firms, partnerships, corporations (including parent corporations) or other

24  entities, other than the parties themselves, are known by ASUS (i) to have a financial interest in

25  the subject matter in controversy or in a party to the proceeding, or (ii) to have a non-financial

26  interest in that subject matter or in a party that could be substantially affected by the outcome of

27  / / /

28  / / /

1    this proceeding. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other
2    than the named parties, there is no such interest to report.

3

4    DATED:    February 27, 2008                 FISH & RICHARDSON P.C.

5

6                                      By: _____
7                                          Attorneys for Plaintiffs
                                           AsusTeK Computer, Inc. and ASUS Computer
     10813849.doc                          International
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5    COMPLAINT FOR DECLARATORY JUDGMENT

# EXHIBIT 1

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### WASHINGTON, D.C.

IN THE MATTER OF

CERTAIN COMPUTER PRODUCTS,
COMPUTER COMPONENTS AND
PRODUCTS CONTAINING SAME

Investigation No. 337-TA-___

## COMPLAINT

**COMPLAINANT:**

INTERNATIONAL BUSINESS
   MACHINES CORPORATION
New Orchard Road
Armonk, New York 10504
Telephone: (914) 499-1900

**COUNSEL FOR COMPLAINANT:**

V. James Adduci II
Michael L. Doane
ADDUCI, MASTRIANI & SCHAUMBERG, LLP
1200 Seventeenth Street, NW, Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300

Christopher A. Hughes
John T. Moehringer
James T. Bailey
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281-0006
Telephone: (212) 504-6000

*Counsel for Complainant*
*International Business Machines Corporation*

Dated: December 5, 2007

**PROPOSED RESPONDENTS:**

ASUSTeK Computer, Inc.
4F No. 15 Li-Te Road
Peitou Taipei, Taiwan

ASUS Computer International
44370 Nobel Drive
Fremont, California 94538

24

## EXHIBIT LIST

Exhibit 1          Certified copy of U.S. Patent No. 5,008,829

Exhibit 2          Certified copy of the Assignment of U.S. Patent No. 5,008,829

Exhibit 3          Certified copy of U.S. Patent No. 5,249,741

Exhibit 4          Certified copy of Assignment of U.S. Patent No. 5,249,741

Exhibit 5          Certified copy of U.S. Patent No. 5,371,852

Exhibit 6          Certified copy of Assignment of U.S. Patent No. 5,371,852

Exhibit 7          List of foreign counter part patents

Exhibit 8          Claim Chart of representative ASUS Notebook PC and
                   U.S. Patent No. 5,008,829

Exhibit 9          Claim Chart of representative ASUS Barebones PC and
                   U.S. Patent No. 5,008,829

Exhibit 10         Claim Chart of representative ASUS Motherboard and
                   U.S. Patent No. 5,249,741

Exhibit 11         Claim Chart of representative ASUS Graphics Card and
                   U.S. Patent No. 5,249,741

Exhibit 12         Claim Chart of representative ASUS Notebook PC and
                   U.S. Patent No. 5,249,741

Exhibit 13         Claim Chart of representative ASUS Router product and
                   U.S. Patent No. 5,371,852

Exhibit 14         Receipt for purchase of ASUS A8 Series A8JM Notebook Computer

Exhibit 15         Page from the website www.newegg.com offering the
                   ASUS A8 Series Notebook Computer for sale

Exhibit 16         Photograph of the country of origin marking on the
                   ASUS A8 Series A8JM Notebook Computer

Exhibit 17         Receipt for purchase of ASUS Vintage V2-PH1
                   Intel Socket 775 Barebones Computer System

i

| | |
|---|---|
| Exhibit 18 | Page from the ACI website http://usa.asus.com advertising ASUS Vintage-PH1 Barebones Computer System |
| Exhibit 19 | Photograph of the country of origin marking on the ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System |
| Exhibit 20 | Receipt for purchase of MB ASUS Striker Extreme 680i 775R Motherboard |
| Exhibit 21 | Page from the website www.newegg.com offering the MB ASUS Striker Extreme 680i 774F Motherboard for sale |
| Exhibit 22 | Photographs of the country of origin markings on the MB ASUS Striker Extreme 680i 775R Motherboard |
| Exhibit 23 | Receipt for purchase of ASUS SL500 VPN-Firewall Router |
| Exhibit 24 | Page from the website www.provantage.com offering the ASUS SL500 VPN-Firewall Router for sale' |
| Exhibit 25 | Photograph of the country of origin marking on the ASUS SL500 VPN-Firewall Router |
| Exhibit 26 | Receipt for purchase of VGA ASUS EN8800GTS/HTDP/640M R Graphics Card |
| Exhibit 27 | Page from the website www.newegg.com offering the VGA ASUS EN8800GTS/HTDP/640M R Graphics Card for sale |
| Exhibit 28 | Photographs of the country of origin markings on the VGA ASUS EN8800GTS/HTDP/640M R Graphics Card |
| Exhibit 29 | Declaration of Hance Huston (**CONFIDENTIAL**) |
| Appendix A | Certified copy of the prosecution history for U.S. Patent No. 5,008,829 |
| Appendix B | Technical references for U.S. Patent No. 5,008,829 |
| Appendix C | Certified copy of the prosecution history for U.S. Patent No. 5,249,741 |
| Appendix D | Technical references for U.S. Patent No. 5,249,741 |
| Appendix E | Certified copy of the prosecution history for U.S. Patent No. 5,371,852 |
| Appendix F | Technical references for U.S. Patent No. 5,371,852 |

Appendix G          Standard IBM license agreements and list of the licensees
                    **(CONFIDENTIAL)**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     THE PARTIES..................................................................................................... 2

        A.     Complainant................................................................................................ 2

        B.     Proposed Respondents ............................................................................... 2

III.    THE PRODUCTS AT ISSUE .......................................................................... 3

IV.     THE PATENTS AT ISSUE............................................................................... 3

        A.     United States Patent No. 5,008,829 ......................................................... 3

        B.     United States Patent No. 5,249,741 ......................................................... 4

        C.     United States Patent No. 5,371,852 ......................................................... 5

        D.     Foreign Counterpart Patents ..................................................................... 5

        E.     Licenses Under the Patents At Issue ........................................................ 5

        F.     Non-Technical Description of the Patented Technologies ..................... 6

               1.     The '829 Patent............................................................................... 6

               2.     The '741 Patent............................................................................... 6

               3.     The '852 Patent............................................................................... 7

V.      UNLAWFUL AND UNFAIR ACTS OF THE RESPONDENTS -
        PATENT INFRINGEMENT ............................................................................ 7

        A.     Infringement of the '829 Patent................................................................ 7

        B.     Infringement of the '741 Patent................................................................ 8

        C.     Infringement of the '852 Patent................................................................ 9

VI.     SPECIFIC INSTANCES OF IMPORTATION AND SALE ........................ 10

VII.    RELATED LITIGATION ............................................................................... 12

VIII.   DOMESTIC INDUSTRY ............................................................................... 13

IX.     RELIEF ............................................................................................................. 13

## I.  **INTRODUCTION**

1.    This Complaint is filed by Complainant International Business Machines Corporation ("IBM" or "Complainant") pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, based upon the unlawful importation into the United States, the sale for importation into the United States and/or the sale within the United States after importation of certain computer products, including notebooks, servers, barebones and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components, by proposed Respondents ASUSTeK Computer, Inc. ("ASUSTeK") and ASUS Computer International ("ACI") (collectively "Respondents" or "ASUS"). The accused products infringe one or more of the following claims of the following United States Patents:

- Claims 1 and 2 of U.S. Patent No. 5,008,829 ("the '829 patent");

- Claim 1 of U.S. Patent No. 5,249,741 ("the '741 patent"); and

- Claims 1, 8, 13, 14, 22 and 23 of U.S. Patent No. 5,371,852 ("the '852 patent"); (collectively the "patents at issue").

2.    IBM seeks, as relief, a permanent exclusion order barring from entry into the United States infringing computer products, including notebooks, servers, barebones, and routers, and computer components, including motherboards and graphics cards, manufactured by or on behalf of Respondents and products containing such infringing computer components, including products of third parties that incorporate the accused ASUS computer components. IBM also seeks, as relief, permanent cease and desist orders prohibiting the importation, sale, offer for sale, advertising, packaging or the solicitation of any sale by ASUSTeK, and/or ACI of certain computer products, computer components and products containing same encompassed by the claims of the patents at issue.

1

## II.     THE PARTIES

### A.     Complainant

3.     Complainant IBM is a New York corporation with its principal place of business located at New Orchard Road, Armonk, New York 10504.

4.     Incorporated in 1911 as the Computing-Tabulating-Recording Company, IBM has long been a pioneer in information technology. From its first scales, tabulators and clocks to today's powerful computers and vast global networks, nearly all of IBM's products were designed and developed to record, process, communicate, store and/or retrieve information.

5.     IBM's innovation in the computer industry, from the introduction of the first machine that could execute long computations automatically, the Automatic Sequence Controlled Calculator, to the development of "Deep Blue," a 32-node IBM RS/6000 SP computer programmed to play chess on a world-class level, has resulted in numerous technological advances as well as several Nobel Prize winners.

### B.     Proposed Respondents

6.     On information and belief, Respondent ASUSTeK is a Taiwanese corporation with its principal place of business located at 4F No. 15 Li-Te Road, Peitou Taipei, Taiwan. On information and belief, ASUSTeK is a manufacturer and importer of computer products, including notebooks, servers, barebones, and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components.

7.     On information and belief, ACI is a wholly-owned United States subsidiary of ASUSTeK with its principal place of business located at 44370 Nobel Drive, Fremont, California 94538. On information and belief, ACI is an importer and distributor of computer products,

2

including notebooks, servers, barebones, and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components.

## III.    THE PRODUCTS AT ISSUE

8.     The ASUSTeK products at issue are computer products, including notebooks, servers, barebones and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components.

9.     A motherboard is the primary circuit board used in a computer. The motherboard typically has various computer components imprinted or affixed to its surface, including the microprocessor, memory, input/output systems and other interconnecting circuitry. Graphics cards are computer devices that generate and output images that may be displayed.

10.     A notebook, or laptop, is a portable or mobile computer. A server computer is a computer model intended for use running a specific server application or applications, often under heavy workloads. A barebones computer refers to a computer system that generally contains only some of the required components for the computer to operate, often not containing the processor and memory. A router is a computer-networking device that routes data packets to interconnected separate logical units.

## IV.    THE PATENTS AT ISSUE

### A.    United States Patent No. 5,008,829

11.     The first patent at issue herein is the '829 patent, entitled "Personal Computer Power Supply." A certified copy of the '829 patent is attached to the Complaint as Exhibit 1.

12.     The '829 patent issued on April 16, 1991, based on an application (Application Serial No. 07/536,751) filed on June 14, 1990. The '829 patent will expire on June 14, 2010.

13.    Roger L. Cox, Michael J. DeLoye and Robert L. Myers are the named inventors on the '829 patent. IBM became the owner of the '829 patent by assignment made on June 13, 1990, and recorded on June 14, 1990. A certified copy of the assignment is attached as Exhibit 2.

14.    Together with this Complaint, IBM has filed a certified copy and three (3) additional copies of the prosecution history of the '829 patent (Application Serial No. 07/536,751) as Appendix A. Complainant has filed four (4) copies of each patent and technical reference identified in the prosecution history of the application leading to the issuance of the '829 patent as Appendix B.

**B.    United States Patent No. 5,249,741**

15.    The second patent at issue herein is the '741 patent, entitled "Automatic Fan Speed Control." A certified copy of the '741 patent is attached to the Complaint as Exhibit 3.

16.    The '741 patent issued on October 5, 1993, based on an application (Application Serial No. 07/878,115) filed on May 4, 1992. The '741 patent will expire on May 4, 2012.

17.    William R. Bistline, William C. Johnson and James M. Peterson are the named inventors on the '741 patent. IBM became the owner of the '741 patent by assignment made on April 30, 1992, and recorded on May 4, 1992. A certified copy of the assignment is attached as Exhibit 4.

18.    Together with this Complaint, IBM has filed a certified copy and three (3) additional copies of the prosecution history of the '741 patent (Application Serial No. 07/878,115) as Appendix C. Complainant has filed four (4) copies of each patent and technical reference identified in the prosecution history of the application leading to the issuance of the '741 patent as Appendix D.

4

### C.    United States Patent No. 5,371,852

19.    The third patent at issue herein is the '852 patent, entitled "Method and Apparatus For Making A Cluster Of Computers Appear As A Single Host On A Network." A certified copy of the '852 patent is attached to the Complaint as Exhibit 5.

20.    The '852 patent issued on December 6, 1994, based on an application (Application Serial No. 07/960,742) filed on October 14, 1992. The '852 patent will expire on October 14, 2012.

21.    Clement R. Attanasio and Stephen E. Smith are the named inventors on the '852 patent. IBM became the owner of the '852 patent by assignment made on October 14, 1992, and recorded on December 28, 1992. A certified copy of the assignment is attached as Exhibit 6.

22.    Together with this Complaint, IBM has filed a certified copy and three (3) additional copies of the prosecution history of the '852 patent (Application Serial No. 07/960,742) as Appendix E. Complainant has filed four (4) copies of each patent and technical reference identified in the prosecution history of the application leading to the issuance of the '852 patent as Appendix F.

### D.    Foreign Counterpart Patents

23.    A chart setting forth the foreign counterparts to the patents at issue is attached as Exhibit 7.

24.    There are no other foreign patents or foreign patent applications pending, filed, abandoned, withdrawn or rejected relating to the patents at issue.

### E.    Licenses Under the Patents At Issue

25.    IBM has entered into a number of agreements that grant licenses to all of its patents, but that are limited in scope by a field of use. IBM currently has 72 active licenses limiting the field of use specifically to personal computers ("PC") or to a field of use that includes personal computers. Pursuant to 19 C.F.R. § 210.12(c)(1), three (3) copies of standard IBM licenses limiting

5

33

the field of use specifically to personal computers or to a field of use that includes personal computers and a list of the licensees operating under that standard license, or similar, are submitted herewith as Confidential Appendix G.

### F.    Non-Technical Description of the Patented Technologies

#### 1.    The '829 Patent

26.    The '829 patent relates to an improved power supply system for use with computers. The power supply converts high-voltage alternating current (AC) power to direct current (DC) for use by the computer components while also providing a low-power DC voltage for use in enabling power-up of the computer system.

27.    Traditional computer power supply systems included a high-voltage switch used for powering on the computer components. This high-voltage switch was both expensive and posed a potential risk of injury to the computer user. The improved power supply system of the '829 patent provides safer operation using lower cost components.

#### 2.    The '741 Patent

28.    The '741 patent relates to cooling for a computer system in which a predetermined cooling requirement for at least one component is used to vary the rate of a variable rate cooling unit.

29.    Computer systems include electronic equipment that produce heat during operation. To avoid overheating, computer systems often use variable speed fans to cool the system while minimizing acoustic noise associated with fans. The widespread adoption of more complex and modular computer systems with various hot spots requires a more accurate and efficient variable speed fan cooling system. The patented system provides a more precise method to vary the fan speed to more efficiently cool such computer systems.

6

34

30.     The patented cooling systems utilize a predetermined cooling requirement of a component to more effectively vary the rate of a fan cooling unit allowing for efficient cooling of the computer system.

### 3.     The '852 Patent

31.     The '852 patent relates to a method for using computers together in a group, or cluster, so that the entire cluster of computers appears and behaves as if it is a single computer from the viewpoint of computers outside the cluster.

32.     Prior art methods for clustering computers required an outside computer to know specific information about a given computer within the cluster in order to communicate with that specific computer. Using the improved method of the '852 patent, one of the computers within the cluster is designated as a gateway and appears to the outside world as a single computer with the computing power of the entire cluster. All incoming messages are addressed to the gateway, which then manages communications within the cluster.

33.     The improved method provides for more efficient networking of computers, for example, because workloads can be shared evenly through the cluster and computers outside the cluster need not be informed of hardware or software changes within the cluster.

## V.     UNLAWFUL AND UNFAIR ACTS OF THE RESPONDENTS - PATENT INFRINGEMENT

### A.     Infringement of the '829 Patent

34.     On information and belief, Respondents sell for importation, import and/or sell after importation in the United States notebook PC products that infringe at least claims 1 and 2 of the '829 patent.

35.     A claim chart that applies exemplary claim 1 of the '829 patent to a representative ASUS notebook PC product – namely, the A8JM Notebook Computer – is attached as Exhibit 8.

7

35

36.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States barebones PC products and contribute to and/or induce the infringement of at least claims 1 and 2 of the '829 patent. Direct infringement occurs when the barebones PC is combined with data processing and storage components. In particular, Respondents have been aware of the '829 patent and its applicability to the infringing products since at least as early as April 2007, when the '829 patent was personally presented to representatives of ASUSTeK, along with proof of infringement, during licensing negotiations. Respondents have been selling barebones PC's knowing that they have no legitimate use unless combined in an infringing manner with data processing and storage components. Respondents' barebones PCs are not a staple article of commerce and do not have a substantial non-infringing use.

37.    A claim chart that applies exemplary claim 1 of the '829 patent to a representative ASUS Barebones PC product – namely, the V2-PH1 Barebones PC – is attached as Exhibit 9.

**B.    Infringement of the '741 Patent**

38.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States motherboards, servers and barebones that include a variable fan speed control and infringe at least claim 1 of the '741 patent.

39.    A claim chart that applies exemplary claim 1 of the '741 patent to a representative ASUS product incorporating the Q-Fan Cooling System – namely, the Striker Extreme 680i 775R motherboard – and a representative ASUS product incorporating the SmartFan Cooling System – namely, the V2-PH1 Barebones PC – is attached as Exhibit 10.

40.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States servers, barebones and notebooks that include one of the

8

36

motherboard products identified in paragraphs 38 and 39, above, and infringe at least claim 1 of the '741 patent.

41.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States graphics cards that include a variable fan speed control, and infringe at least claim 1 of the '741 patent.

42.    A claim chart that applies exemplary claim 1 of the '741 patent to a representative ASUS graphics card – namely, the EN8800 GTS/HDP/640m R Graphics Card – is attached as Exhibit 11.

43.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States notebooks that include a variable fan speed control and infringe at least claim 1 of the '741 patent.

44.    A claim chart that applies exemplary claim 1 of the '741 patent to a representative ASUS notebook PC product – namely, the A8JM Notebook Computer – is attached as Exhibit 12.

C.    **Infringement of the '852 Patent**

45.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States router products, that support reverse Network Address Port Translation ("NAPT") and induce infringement of at least claims 1, 8, 13, 14, 22 and 23 of the '852 patent. In particular, Respondents have been aware of the '852 patent and its applicability to the infringing products since at least as early as April 2007 when the '852 patent was personally presented to a representative of ASUSTeK, along with proof of infringement, as a part of licensing negotiations. Respondents have encouraged purchasers of the infringing products to use the routers in an infringing manner, via explicit instructions in User's Manuals, knowing such use constitutes an infringement of the '852 patent.

9

37

46.    A claim chart that applies exemplary claim 1 of the '852 patent to a representative ASUS router product – namely, the SL500 VPN-Firewall Router – is attached as Exhibit 13.

## VI.    SPECIFIC INSTANCES OF IMPORTATION AND SALE

47.    On information and belief, ASUSTeK and/or ACI sell for importation, import and/or sell in the United States after importation certain computer products, including notebooks, servers, barebones and routers, computer components, including motherboards and graphics cards and products containing such infringing components. On information and belief, such motherboards and graphics cards manufactured by or on behalf of ASUS are incorporated into computer products, such as PCs and notebook PCs, including those of third parties that are sold for importation, imported and/or sold in the United States after importation.

48.    On October 1, 2007, a representative of IBM purchased an ASUS A8 Series A8JM Notebook Computer via a web order placed with Newegg.com through its web site at www.newegg.com. A copy of the receipt is attached as Exhibit 14. A copy of the page from www.newegg.com offering the ASUS A8 Series Notebook Computer for sale is attached as Exhibit 15.

49.    The ASUS A8 Series A8JM Notebook Computer was shipped to Research Triangle Park, North Carolina. The country of origin marking for the ASUS A8 Series A8JM Notebook Computer indicates that it was made in Taiwan. A photograph of the country of origin marking on the ASUS A8 Series A8JM Notebook Computer is attached as Exhibit 16.

50.    On October 1, 2007, a representative of IBM purchased an ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System via a web order placed with TigerDirect.com through its web site at www.TigerDirect.com. A copy of the receipt is attached as Exhibit 17. A copy of the

10

38

page from the ACI website, http://usa.asus.com, advertising ASUS Vintage-PH1 Barebones Computer Systems is attached as Exhibit 18.

51.    The ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System was shipped to Research Triangle Park, North Carolina. The country of origin marking for the ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System indicates that it was made in China. A photograph of the country of origin marking on the ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System is attached as Exhibit 19.

52.    On February 22, 2007, a representative of IBM purchased an MB ASUS Striker Extreme 680i 775R Motherboard via a web order placed with Newegg.com through its web site at www.newegg.com. A copy of the receipt is attached as Exhibit 20. A copy of the page from www.newegg.com offering the MB ASUS Striker Extreme 680i 775R Motherboard for sale is attached as Exhibit 21.

53.    The MB ASUS Striker Extreme 680i 775R Motherboard was shipped to Research Triangle Park, North Carolina. The country of origin markings for the MB ASUS Striker Extreme 680i 775R Motherboard indicates that it was made either in China or Taiwan. A photograph of the country of origin markings on the MB ASUS Striker Extreme 680i 775R Motherboard is attached as Exhibit 22.

54.    On October 9, 2007, a representative of IBM purchased an ASUS SL500 VPN-Firewall Router via a web order placed with Provantage through its web site at www.provantage.com. A copy of the receipt is attached as Exhibit 23. A copy of the page from www.provantage.com offering the ASUS SL500 VPN-Firewall Router for sale is attached as Exhibit 24.

11

39

55.    The ASUS SL500 VPN-Firewall Router was shipped to Research Triangle Park, North Carolina. The country of origin marking on the packaging of the ASUS SL500 VPN-Firewall Router indicates that it was made in Taiwan. A photograph of the country of origin marking on the ASUS SL500 VPN-Firewall Router is attached as Exhibit 25.

56.    On June 8, 2007, a representative of IBM purchased a VGA ASUS EN8800GTS/HTDP/640M R Graphics Card via a web order placed with Newegg.com through its web site at www.newegg.com. A copy of the receipt is attached as Exhibit 26. A copy of the page from www.newegg.com offering the VGA ASUS EN8800GTS/HTDP/640M R Graphics Card for sale is attached as Exhibit 27.

57.    The VGA ASUS EN8800GTS/HTDP/640M R Graphics Card was shipped to Research Triangle Park, North Carolina. The country of origin markings on the VGA ASUS EN8800GTS/HTDP/640M R Graphics Card indicate that it was made either in Taiwan or China. Photographs of the country of origin markings on the VGA ASUS EN8800GTS/HTDP/640M R Graphics Card are attached as Exhibit 28.

58.    On information and belief, the infringing imported motherboards and graphics cards are classified under subheading 8473.30.11, Harmonized Tariff Schedule of the United States (HTSUS). On information and belief, the infringing notebooks, servers, barebones and routers and products into which the infringing motherboards and/or graphics cards are incorporated are classified under subheadings 8471.41.01 and 8471.30.01, HTSUS, respectively.

VII.    **RELATED LITIGATION**

59.    The patents at issue have not been the subject of any court or agency litigation.

12

## VIII.  DOMESTIC INDUSTRY

60.     A domestic industry as defined by 19 U.S.C. § 1337(a)(3) exists with respect to IBM's activities in the United States that exploit the patents at issue through IBM's substantial investment in licensing, including patent engineering in support of IBM's licensing program.

61.     To the extent that domestic industry is established based on IBM's domestic licensing operation, IBM is not required to establish that its domestically manufactured products practice any of the patents at issue.

62.     IBM is a recognized leader and innovator in the field of computer and information technology. IBM has developed, as a leader in the design, development and manufacture of state-of-the-art computer products, a significant patent portfolio, including the patents at issue, which it actively seeks to license.

63.     IBM has made substantial investments in the United States in the exploitation of the patents at issue through licensing, including related patent engineering. Confidential Exhibit 29 sets forth further details regarding these expenditures.

64.     A number of IBM employees in the United States are dedicated to the analysis of products, i.e., patent engineering, of potential licensees, the negotiation of licenses and the subsequent monitoring of such licenses. Confidential Exhibit 29 sets forth further details regarding these expenditures.

## IX.  RELIEF

WHEREFORE, by reason of the foregoing, Complainant requests that the United States International Trade Commission:

(a)     institute an immediate investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, with respect to violations of that section based upon

the importation into the United States, the sale for importation into the United States, and/or the sale within the United States after importation by Respondents of computer products, computer components and products containing same that infringe IBM's valid and enforceable U.S. Patent No. 5,008,829; U.S. Patent No. 5,249,741; and U.S. Patent No. 5,371,852;

(b)     schedule and conduct a hearing on said unlawful acts and, following said hearing;

(c)     issue a permanent exclusion order, pursuant to 19 U.S.C. § 1337(d), forbidding entry into the United States of computer products, computer components and products containing same that infringe the patents at issue that are manufactured by or on behalf of Respondents;

(d)     issue a permanent exclusion order, pursuant to 19 U.S.C. § 1337(d), forbidding entry into the United States of computer products manufactured by or on behalf of third parties containing computer components such as motherboards or graphics cards that are manufactured by or on behalf of Respondents and that infringe the patents at issue;

(e)     issue a permanent cease and desist order, pursuant to 19 U.S.C. § 1337(f), prohibiting Respondents from importing, selling, offering for sale (including via the Internet or electronic mail), advertising (including via the Internet or electronic mail), distributing or soliciting any computer products, computer components or products containing same encompassed by the claims of the patents at issue; and

14

(f)    issue such other orders and further relief as the Commission deems just

and proper based upon the facts determined by the investigation and under

the authority of the Commission.

Respectfully submitted,

V. James Adduci II
Michael L. Doane
ADDUCI MASTRIANI & SCHAUMBERG LLP
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
(202) 467-6300

Christopher A. Hughes
John T. Moehringer
James T. Bailey
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281-0006
(212) 504-6000

Dated: December 5, 2007
IBM700007

*Counsel for International Business Machines*
*Corporation*

15

43

### VERIFICATION OF COMPLAINT

I, Hance Huston, declare, in accordance with 19 CFR §§ 210.4 and 210.12(a), under penalty of perjury that the following statements are true:

1.  I am Director of Patent Licensing for International Business Machines Corporation and am duly authorized to sign this complaint on behalf of Complainant;

2.  I have read the complaint and am aware of its contents;

3.  The complaint is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

4.  To the best of my knowledge, information and belief founded upon reasonable inquiry, the claims and legal contentions of this complaint are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

5.  The allegations and other factual contentions in the complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _December  3_, 2007.

_____
Hance Huston

Verification.doc

44

# EXHIBIT 2

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### WASHINGTON, D.C.

IN THE MATTER OF

CERTAIN COMPUTER PRODUCTS,
COMPUTER COMPONENTS AND
PRODUCTS CONTAINING SAME

Investigation No. 337-TA-628

## AMENDED COMPLAINT

**COMPLAINANT:**

INTERNATIONAL BUSINESS
    MACHINES CORPORATION
New Orchard Road
Armonk, New York 10504
Telephone: (914) 499-1900

**COUNSEL FOR COMPLAINANT:**

V. James Adduci II
Michael L. Doane
Patricia Larios
ADDUCI, MASTRIANI & SCHAUMBERG, LLP
1200 Seventeenth Street, NW, Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300

Christopher A. Hughes
Tony V. Pezzano
John T. Moehringer
James T. Bailey
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281-0006
Telephone: (212) 504-6000

*Counsel for Complainant*
*International Business Machines Corporation*

Dated: January 31, 2008

**PROPOSED RESPONDENTS:**

ASUSTeK Computer, Inc.
4F No. 15 Li-Te Road
Peitou Taipei, Taiwan

ASUS Computer International
44370 Nobel Drive
Fremont, California 94538

Pegatron Technology
#76, 5th Floor
Ligong Street
Taipei City, Taiwan

Unihan Technology Corporation
#150 Lide Road
Beitou District
Taipei City, Taiwan

## EXHIBIT LIST

Exhibit 1                Certified copy of U.S. Patent No. 5,008,829

Exhibit 2                Certified copy of the Assignment of U.S. Patent No. 5,008,829

Exhibit 3                Certified copy of U.S. Patent No. 5,249,741

Exhibit 4                Certified copy of Assignment of U.S. Patent No. 5,249,741

Exhibit 5                Certified copy of U.S. Patent No. 5,371,852

Exhibit 6                Certified copy of Assignment of U.S. Patent No. 5,371,852

Exhibit 7                List of foreign counter part patents

Exhibit 8                Claim Chart of representative ASUS Notebook PC and
U.S. Patent No. 5,008,829

Exhibit 9                Claim Chart of representative ASUS Barebones PC and
U.S. Patent No. 5,008,829

Exhibit 10             Claim Chart of representative ASUS Motherboard and
U.S. Patent No. 5,249,741

Exhibit 11             Claim Chart of representative ASUS Graphics Card and
U.S. Patent No. 5,249,741

Exhibit 12             Claim Chart of representative ASUS Notebook PC and
U.S. Patent No. 5,249,741

Exhibit 13             Claim Chart of representative ASUS Router product and
U.S. Patent No. 5,371,852

Exhibit 14             Receipt for purchase of ASUS A8 Series A8JM Notebook Computer

Exhibit 15             Page from the website www.newegg.com offering the
ASUS A8 Series Notebook Computer for sale

Exhibit 16             Photograph of the country of origin marking on the
ASUS A8 Series A8JM Notebook Computer

Exhibit 17             Receipt for purchase of ASUS Vintage V2-PH1
Intel Socket 775 Barebones Computer System

i

Exhibit 18          Page from the ACI website http://usa.asus.com advertising ASUS
                    Vintage-PH1 Barebones Computer System

Exhibit 19          Photograph of the country of origin marking on the ASUS Vintage V2-
                    PH1 Intel Socket 775 Barebones Computer System

Exhibit 20          Receipt for purchase of MB ASUS Striker Extreme 680i 775R
                    Motherboard

Exhibit 21          Page from the website www.newegg.com offering the MB ASUS Striker
                    Extreme 680i 774F Motherboard for sale

Exhibit 22          Photographs of the country of origin markings on the MB ASUS Striker
                    Extreme 680i 775R Motherboard

Exhibit 23          Receipt for purchase of ASUS SL500 VPN-Firewall Router

Exhibit 24          Page from the website www.provantage.com offering the ASUS SL500
                    VPN-Firewall Router for sale'

Exhibit 25          Photograph of the country of origin marking on the ASUS SL500 VPN-
                    Firewall Router

Exhibit 26          Receipt for purchase of VGA ASUS EN8800GTS/HTDP/640M R
                    Graphics Card

Exhibit 27          Page from the website www.newegg.com offering the VGA ASUS
                    EN8800GTS/HTDP/640M R Graphics Card for sale

Exhibit 28          Photographs of the country of origin markings on the VGA ASUS
                    EN8800GTS/HTDP/640M R Graphics Card

Exhibit 29          Declaration of Hance Huston (**CONFIDENTIAL**)

Appendix A          Certified copy of the prosecution history for U.S. Patent No. 5,008,829

Appendix B          Technical references for U.S. Patent No. 5,008,829

Appendix C          Certified copy of the prosecution history for U.S. Patent No. 5,249,741

Appendix D          Technical references for U.S. Patent No. 5,249,741

Appendix E          Certified copy of the prosecution history for U.S. Patent No. 5,371,852

Appendix F          Technical references for U.S. Patent No. 5,371,852

Appendix G          Standard IBM license agreements and list of the licensees
                    **(CONFIDENTIAL)**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     THE PARTIES...................................................................................................... 2

        A.      Complainant............................................................................................. 2

        B.      Proposed Respondents ............................................................................. 2

III.    THE PRODUCTS AT ISSUE .............................................................................. 3

IV.     THE PATENTS AT ISSUE................................................................................. 4

        A.      United States Patent No. 5,008,829 ........................................................ 4

        B.      United States Patent No. 5,249,741 ........................................................ 4

        C.      United States Patent No. 5,371,852 ........................................................ 5

        D.      Foreign Counterpart Patents ................................................................... 5

        E.      Licenses Under the Patents At Issue ....................................................... 6

        F.      Non-Technical Description of the Patented Technologies ...................... 6

                1.      The '829 Patent........................................................................... 6

                2.      The '741 Patent........................................................................... 6

                3.      The '852 Patent........................................................................... 7

V.      UNLAWFUL AND UNFAIR ACTS OF THE RESPONDENTS -
        PATENT INFRINGEMENT ............................................................................... 8

        A.      Infringement of the '829 Patent............................................................... 8

        B.      Infringement of the '741 Patent............................................................... 8

        C.      Infringement of the '852 Patent............................................................... 9

VI.     SPECIFIC INSTANCES OF IMPORTATION AND SALE ............................. 10

VII.    RELATED LITIGATION .................................................................................. 12

VIII.   DOMESTIC INDUSTRY................................................................................... 13

IX.     RELIEF................................................................................................................ 13

iv

## I.   INTRODUCTION

1.     This Complaint is filed by Complainant International Business Machines Corporation ("IBM" or "Complainant") pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, based upon the unlawful importation into the United States, the sale for importation into the United States and/or the sale within the United States after importation of certain computer products, including notebooks, servers, barebones and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components, by proposed Respondents ASUSTeK Computer, Inc. ("ASUSTeK"), ASUS Computer International ("ACI"), Pegatron Technology Corporation ("Pegatron") and Unihan Technology Corporation ("Unihan") (collectively "Respondents" or "ASUS").    The accused products infringe one or more of the following claims of the following United States Patents:

- Claims 1 and 2 of U.S. Patent No. 5,008,829 ("the '829 patent");
- Claim 1 of U.S. Patent No. 5,249,741 ("the '741 patent"); and
- Claims 1, 8, 13, 14, 22 and 23 of U.S. Patent No. 5,371,852 ("the '852 patent"); (collectively the "patents at issue").

2.     IBM seeks, as relief, a permanent exclusion order barring from entry into the United States infringing computer products, including notebooks, servers, barebones, and routers, and computer components, including motherboards and graphics cards, manufactured by or on behalf of Respondents and products containing such infringing computer components, including products of third parties that incorporate the accused ASUS computer components.    IBM also seeks, as relief, permanent cease and desist orders prohibiting the importation, sale, offer for sale, advertising, packaging or the solicitation of any sale by Respondents of certain computer products, computer components and products containing same encompassed by the claims of the patents at issue.

1

## II.     THE PARTIES

### A.     Complainant

3.     Complainant IBM is a New York corporation with its principal place of business located at New Orchard Road, Armonk, New York 10504.

4.     Incorporated in 1911 as the Computing-Tabulating-Recording Company, IBM has long been a pioneer in information technology. From its first scales, tabulators and clocks to today's powerful computers and vast global networks, nearly all of IBM's products were designed and developed to record, process, communicate, store and/or retrieve information.

5.     IBM's innovation in the computer industry, from the introduction of the first machine that could execute long computations automatically, the Automatic Sequence Controlled Calculator, to the development of "Deep Blue," a 32-node IBM RS/6000 SP computer programmed to play chess on a world-class level, has resulted in numerous technological advances as well as several Nobel Prize winners.

### B.     Proposed Respondents

6.     On information and belief, Respondent ASUSTeK is a Taiwanese corporation with its principal place of business located at 4F No. 15 Li-Te Road, Peitou Taipei, Taiwan. On information and belief, ASUSTeK is a manufacturer and importer of computer products, including notebooks, servers, barebones, and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components.

7.     On information and belief, ACI is a wholly-owned United States subsidiary of ASUSTeK with its principal place of business located at 44370 Nobel Drive, Fremont, California 94538. On information and belief, ACI is an importer and distributor of computer products, including notebooks, servers, barebones, and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components.

2

7A.    On information and belief, Pegatron is a wholly-owned subsidiary of ASUSTeK with its principal place of business located at #76, 5th Floor, Ligong Street, Taipei City, Taiwan. On information and belief, on January 1, 2008, ASUSTeK reorganized its company and transferred its contract manufacturing operations to two newly formed subsidiaries. On information and belief, Pegatron now is responsible for ASUSTeK's original equipment manufacturing ("OEM") operations involving PC-related manufacturing, including for products such as notebooks, servers, barebones, and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components.

7B.    On information and belief, Unihan is a wholly-owned subsidiary of ASUSTeK with its principal place of business located at #150 Lide Road, Beitou District, Taipei City, Taiwan. On information and belief, as a result of the January 1, 2008, reorganization, Unihan controls ASUSTeK's original equipment manufacturing ("OEM") operations involving computer casing, module, and non-PC contract manufacturing business, including for products such as notebooks, servers, barebones, and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components.

## III.    THE PRODUCTS AT ISSUE

8.    The ASUS products at issue are computer products, including notebooks, servers, barebones and routers, computer components, including motherboards and graphics cards, and products containing such infringing computer components.

9.    A motherboard is the primary circuit board used in a computer. The motherboard typically has various computer components imprinted or affixed to its surface, including the microprocessor, memory, input/output systems and other interconnecting circuitry. Graphics cards are computer devices that generate and output images that may be displayed.

3

10.    A notebook, or laptop, is a portable or mobile computer. A server computer is a computer model intended for use running a specific server application or applications, often under heavy workloads. A barebones computer refers to a computer system that generally contains only some of the required components for the computer to operate, often not containing the processor and memory. A router is a computer-networking device that routes data packets to interconnected separate logical units.

## IV.    THE PATENTS AT ISSUE

### A.    United States Patent No. 5,008,829

11.    The first patent at issue herein is the '829 patent, entitled "Personal Computer Power Supply." A certified copy of the '829 patent is attached to the Complaint as Exhibit 1.

12.    The '829 patent issued on April 16, 1991, based on an application (Application Serial No. 07/536,751) filed on June 14, 1990. The '829 patent will expire on June 14, 2010.

13.    Roger L. Cox, Michael J. DeLoye and Robert L. Myers are the named inventors on the '829 patent. IBM became the owner of the '829 patent by assignment made on June 13, 1990, and recorded on June 14, 1990. A certified copy of the assignment is attached as Exhibit 2.

14.    Together with this Complaint, IBM has filed a certified copy and three (3) additional copies of the prosecution history of the '829 patent (Application Serial No. 07/536,751) as Appendix A. Complainant has filed four (4) copies of each patent and technical reference identified in the prosecution history of the application leading to the issuance of the '829 patent as Appendix B.

### B.    United States Patent No. 5,249,741

15.    The second patent at issue herein is the '741 patent, entitled "Automatic Fan Speed Control." A certified copy of the '741 patent is attached to the Complaint as Exhibit 3.

16.    The '741 patent issued on October 5, 1993, based on an application (Application Serial No. 07/878,115) filed on May 4, 1992. The '741 patent will expire on May 4, 2012.

4

17.    William R. Bistline, William C. Johnson and James M. Peterson are the named inventors on the '741 patent. IBM became the owner of the '741 patent by assignment made on April 30, 1992, and recorded on May 4, 1992. A certified copy of the assignment is attached as Exhibit 4.

18.    Together with this Complaint, IBM has filed a certified copy and three (3) additional copies of the prosecution history of the '741 patent (Application Serial No. 07/878,115) as Appendix C. Complainant has filed four (4) copies of each patent and technical reference identified in the prosecution history of the application leading to the issuance of the '741 patent as Appendix D.

### C.    United States Patent No. 5,371,852

19.    The third patent at issue herein is the '852 patent, entitled "Method and Apparatus For Making A Cluster Of Computers Appear As A Single Host On A Network." A certified copy of the '852 patent is attached to the Complaint as Exhibit 5.

20.    The '852 patent issued on December 6, 1994, based on an application (Application Serial No. 07/960,742) filed on October 14, 1992. The '852 patent will expire on October 14, 2012.

21.    Clement R. Attanasio and Stephen E. Smith are the named inventors on the '852 patent. IBM became the owner of the '852 patent by assignment made on October 14, 1992, and recorded on December 28, 1992. A certified copy of the assignment is attached as Exhibit 6.

22.    Together with this Complaint, IBM has filed a certified copy and three (3) additional copies of the prosecution history of the '852 patent (Application Serial No. 07/960,742) as Appendix E. Complainant has filed four (4) copies of each patent and technical reference identified in the prosecution history of the application leading to the issuance of the '852 patent as Appendix F.

### D.    Foreign Counterpart Patents

23.    A chart setting forth the foreign counterparts to the patents at issue is attached as Exhibit 7.

5

24.    There are no other foreign patents or foreign patent applications pending, filed, abandoned, withdrawn or rejected relating to the patents at issue.

**E.    Licenses Under the Patents At Issue**

25.    IBM has entered into a number of agreements that grant licenses to all of its patents, but that are limited in scope by a field of use. IBM currently has 72 active licenses limiting the field of use specifically to personal computers ("PC") or to a field of use that includes personal computers. Pursuant to 19 C.F.R. § 210.12(c)(1), three (3) copies of standard IBM licenses limiting the field of use specifically to personal computers or to a field of use that includes personal computers and a list of the licensees operating under that standard license, or similar, are submitted herewith as Confidential Appendix G.

**F.    Non-Technical Description of the Patented Technologies**

**1.    The '829 Patent**

26.    The '829 patent relates to an improved power supply system for use with computers. The power supply converts high-voltage alternating current (AC) power to direct current (DC) for use by the computer components while also providing a low-power DC voltage for use in enabling power-up of the computer system.

27.    Traditional computer power supply systems included a high-voltage switch used for powering on the computer components. This high-voltage switch was both expensive and posed a potential risk of injury to the computer user. The improved power supply system of the '829 patent provides safer operation using lower cost components.

**2.    The '741 Patent**

28.    The '741 patent relates to cooling for a computer system in which a predetermined cooling requirement for at least one component is used to vary the rate of a variable rate cooling unit.

6

56

29.    Computer systems include electronic equipment that produce heat during operation. To avoid overheating, computer systems often use variable speed fans to cool the system while minimizing acoustic noise associated with fans. The widespread adoption of more complex and modular computer systems with various hot spots requires a more accurate and efficient variable speed fan cooling system. The patented system provides a more precise method to vary the fan speed to more efficiently cool such computer systems.

30.    The patented cooling systems utilize a predetermined cooling requirement of a component to more effectively vary the rate of a fan cooling unit allowing for efficient cooling of the computer system.

### 3.    The '852 Patent

31.    The '852 patent relates to a method for using computers together in a group, or cluster, so that the entire cluster of computers appears and behaves as if it is a single computer from the viewpoint of computers outside the cluster.

32.    Prior art methods for clustering computers required an outside computer to know specific information about a given computer within the cluster in order to communicate with that specific computer. Using the improved method of the '852 patent, one of the computers within the cluster is designated as a gateway and appears to the outside world as a single computer with the computing power of the entire cluster. All incoming messages are addressed to the gateway, which then manages communications within the cluster.

33.    The improved method provides for more efficient networking of computers, for example, because workloads can be shared evenly through the cluster and computers outside the cluster need not be informed of hardware or software changes within the cluster.

7

## V.    UNLAWFUL AND UNFAIR ACTS OF THE RESPONDENTS - PATENT INFRINGEMENT

### A.    Infringement of the '829 Patent

34.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States notebook PC products that infringe at least claims 1 and 2 of the '829 patent.

35.    A claim chart that applies exemplary claim 1 of the '829 patent to a representative ASUS notebook PC product – namely, the A8JM Notebook Computer – is attached as Exhibit 8.

36.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States barebones PC products and contribute to and/or induce the infringement of at least claims 1 and 2 of the '829 patent.  Direct infringement occurs when the barebones PC is combined with data processing and storage components.    In particular, Respondents have been aware of the '829 patent and its applicability to the infringing products since at least as early as April 2007, when the '829 patent was personally presented to representatives of ASUSTeK, along with proof of infringement, during licensing negotiations.  Respondents have been selling barebones PC's knowing that they have no legitimate use unless combined in an infringing manner with data processing and storage components.  Respondents' barebones PCs are not a staple article of commerce and do not have a substantial non-infringing use.

37.    A claim chart that applies exemplary claim 1 of the '829 patent to a representative ASUS Barebones PC product – namely, the V2-PH1 Barebones PC – is attached as Exhibit 9.

### B.    Infringement of the '741 Patent

38.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States motherboards, servers and barebones that include a variable fan speed control and infringe at least claim 1 of the '741 patent.

8

39.    A claim chart that applies exemplary claim 1 of the '741 patent to a representative ASUS product incorporating the Q-Fan Cooling System – namely, the Striker Extreme 680i 775R motherboard – and a representative ASUS product incorporating the SmartFan Cooling System – namely, the V2-PH1 Barebones PC – is attached as Exhibit 10.

40.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States servers, barebones and notebooks that include one of the motherboard products identified in paragraphs 38 and 39, above, and infringe at least claim 1 of the '741 patent.

41.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States graphics cards that include a variable fan speed control, and infringe at least claim 1 of the '741 patent.

42.    A claim chart that applies exemplary claim 1 of the '741 patent to a representative ASUS graphics card – namely, the EN8800 GTS/HDP/640m R Graphics Card – is attached as Exhibit 11.

43.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States notebooks that include a variable fan speed control and infringe at least claim 1 of the '741 patent.

44.    A claim chart that applies exemplary claim 1 of the '741 patent to a representative ASUS notebook PC product – namely, the A8JM Notebook Computer – is attached as Exhibit 12.

**C.    Infringement of the '852 Patent**

45.    On information and belief, Respondents sell for importation, import and/or sell after importation in the United States router products, that support reverse Network Address Port Translation ("NAPT") and induce infringement of at least claims 1, 8, 13, 14, 22 and 23 of the '852 patent. In particular, Respondents have been aware of the '852 patent and its applicability to the

9

infringing products since at least as early as April 2007 when the '852 patent was personally presented to a representative of ASUSTeK, along with proof of infringement, as a part of licensing negotiations. Respondents have encouraged purchasers of the infringing products to use the routers in an infringing manner, via explicit instructions in User's Manuals, knowing such use constitutes an infringement of the '852 patent.

46.     A claim chart that applies exemplary claim 1 of the '852 patent to a representative ASUS router product – namely, the SL500 VPN-Firewall Router – is attached as Exhibit 13.

## VI.     SPECIFIC INSTANCES OF IMPORTATION AND SALE

47.     On information and belief, Respondents sell for importation, import and/or sell in the United States after importation certain computer products, including notebooks, servers, barebones and routers, computer components, including motherboards and graphics cards and products containing such infringing components. On information and belief, such motherboards and graphics cards manufactured by or on behalf of ASUS are incorporated into computer products, such as PCs and notebook PCs, including those of third parties that are sold for importation, imported and/or sold in the United States after importation.

48.     On October 1, 2007, a representative of IBM purchased an ASUS A8 Series A8JM Notebook Computer via a web order placed with Newegg.com through its web site at www.newegg.com. A copy of the receipt is attached as Exhibit 14. A copy of the page from www.newegg.com offering the ASUS A8 Series Notebook Computer for sale is attached as Exhibit 15.

49.     The ASUS A8 Series A8JM Notebook Computer was shipped to Research Triangle Park, North Carolina. The country of origin marking for the ASUS A8 Series A8JM Notebook Computer indicates that it was made in Taiwan. A photograph of the country of origin marking on the ASUS A8 Series A8JM Notebook Computer is attached as Exhibit 16.

10

50.    On October 1, 2007, a representative of IBM purchased an ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System via a web order placed with TigerDirect.com through its web site at www.TigerDirect.com. A copy of the receipt is attached as Exhibit 17. A copy of the page from the ACI website, http://usa.asus.com, advertising ASUS Vintage-PH1 Barebones Computer Systems is attached as Exhibit 18.

51.    The ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System was shipped to Research Triangle Park, North Carolina. The country of origin marking for the ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System indicates that it was made in China. A photograph of the country of origin marking on the ASUS Vintage V2-PH1 Intel Socket 775 Barebones Computer System is attached as Exhibit 19.

52.    On February 22, 2007, a representative of IBM purchased an MB ASUS Striker Extreme 680i 775R Motherboard via a web order placed with Newegg.com through its web site at www.newegg.com. A copy of the receipt is attached as Exhibit 20. A copy of the page from www.newegg.com offering the MB ASUS Striker Extreme 680i 775R Motherboard for sale is attached as Exhibit 21.

53.    The MB ASUS Striker Extreme 680i 775R Motherboard was shipped to Research Triangle Park, North Carolina. The country of origin markings for the MB ASUS Striker Extreme 680i 775R Motherboard indicates that it was made either in China or Taiwan. A photograph of the country of origin markings on the MB ASUS Striker Extreme 680i 775R Motherboard is attached as Exhibit 22.

54.    On October 9, 2007, a representative of IBM purchased an ASUS SL500 VPN-Firewall Router via a web order placed with Provantage through its web site at www.provantage.com. A copy of the receipt is attached as Exhibit 23. A copy of the page from

11

www.provantage.com offering the ASUS SL500 VPN-Firewall Router for sale is attached as Exhibit 24.

55.     The ASUS SL500 VPN-Firewall Router was shipped to Research Triangle Park, North Carolina. The country of origin marking on the packaging of the ASUS SL500 VPN-Firewall Router indicates that it was made in Taiwan. A photograph of the country of origin marking on the ASUS SL500 VPN-Firewall Router is attached as Exhibit 25.

56.     On June 8, 2007, a representative of IBM purchased a VGA ASUS EN8800GTS/HTDP/640M R Graphics Card via a web order placed with Newegg.com through its web site at www.newegg.com. A copy of the receipt is attached as Exhibit 26. A copy of the page from www.newegg.com offering the VGA ASUS EN8800GTS/HTDP/640M R Graphics Card for sale is attached as Exhibit 27.

57.     The VGA ASUS EN8800GTS/HTDP/640M R Graphics Card was shipped to Research Triangle Park, North Carolina. The country of origin markings on the VGA ASUS EN8800GTS/HTDP/640M R Graphics Card indicate that it was made either in Taiwan or China. Photographs of the country of origin markings on the VGA ASUS EN8800GTS/HTDP/640M R Graphics Card are attached as Exhibit 28.

58.     On information and belief, the infringing imported motherboards and graphics cards are classified under subheading 8473.30.11, Harmonized Tariff Schedule of the United States (HTSUS). On information and belief, the infringing notebooks, servers, barebones and routers and products into which the infringing motherboards and/or graphics cards are incorporated are classified under subheadings 8471.41.01 and 8471.30.01, HTSUS, respectively.

## VII.  RELATED LITIGATION

59.     The patents at issue have not been the subject of any court or agency litigation.

12

## VIII.  DOMESTIC INDUSTRY

60.    A domestic industry as defined by 19 U.S.C. § 1337(a)(3) exists with respect to IBM's activities in the United States that exploit the patents at issue through IBM's substantial investment in licensing, including patent engineering in support of IBM's licensing program.

61.    To the extent that domestic industry is established based on IBM's domestic licensing operation, IBM is not required to establish that its domestically manufactured products practice any of the patents at issue.

62.    IBM is a recognized leader and innovator in the field of computer and information technology. IBM has developed, as a leader in the design, development and manufacture of state-of-the-art computer products, a significant patent portfolio, including the patents at issue, which it actively seeks to license.

63.    IBM has made substantial investments in the United States in the exploitation of the patents at issue through licensing, including related patent engineering. Confidential Exhibit 29 sets forth further details regarding these expenditures.

64.    A number of IBM employees in the United States are dedicated to the analysis of products, i.e., patent engineering, of potential licensees, the negotiation of licenses and the subsequent monitoring of such licenses. Confidential Exhibit 29 sets forth further details regarding these expenditures.

## IX.  RELIEF

**WHEREFORE**, by reason of the foregoing, Complainant requests that the United States International Trade Commission:

> (a)    institute an immediate investigation pursuant to Section 337 of the Tariff Act
> of 1930, as amended, with respect to violations of that section based upon
> the importation into the United States, the sale for importation into the

13

United States, and/or the sale within the United States after importation by Respondents of computer products, computer components and products containing same that infringe IBM's valid and enforceable U.S. Patent No. 5,008,829; U.S. Patent No. 5,249,741; and U.S. Patent No. 5,371,852;

(b)     schedule and conduct a hearing on said unlawful acts and, following said hearing;

(c)     issue a permanent exclusion order, pursuant to 19 U.S.C. § 1337(d), forbidding entry into the United States of computer products, computer components and products containing same that infringe the patents at issue that are manufactured by or on behalf of Respondents;

(d)     issue a permanent exclusion order, pursuant to 19 U.S.C. § 1337(d), forbidding entry into the United States of computer products manufactured by or on behalf of third parties containing computer components such as motherboards or graphics cards that are manufactured by or on behalf of Respondents and that infringe the patents at issue;

(e)     issue a permanent cease and desist order, pursuant to 19 U.S.C. § 1337(f), prohibiting Respondents from importing, selling, offering for sale (including via the Internet or electronic mail), advertising (including via the Internet or electronic mail), distributing or soliciting any computer products, computer components or products containing same encompassed by the claims of the patents at issue; and

14

(f)     issue such other orders and further relief as the Commission deems just
and proper based upon the facts determined by the investigation and under
the authority of the Commission.

Respectfully submitted,

V. James Adduci II
Michael L. Doane
Patricia Larios
ADDUCI MASTRIANI & SCHAUMBERG LLP
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
(202) 467-6300

Christopher A. Hughes
Tony V. Pezzano
John T. Moehringer
James T. Bailey
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281-0006
(212) 504-6000

Dated: January 31, 2008          *Counsel for International Business Machines
                                  Corporation*

IBM700508

15

65

## VERIFICATION OF AMENDED COMPLAINT

I, Hance Huston, declare, in accordance with 19 CFR §§ 210.4 and 210.12(a), under penalty of perjury that the following statements are true:

1.    I am Director of Patent Licensing for International Business Machines Corporation and am duly authorized to sign this complaint on behalf of Complainant;

2.    I have read the Amended Complaint and am aware of its contents;

3.    The Amended Complaint is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

4.    To the best of my knowledge, information and belief founded upon reasonable inquiry, the claims and legal contentions of this complaint are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

5.    The allegations and other factual contentions in the complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 25, 2008.

_____
Hance Huston

IBM701007

66

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **AMENDED COMPLAINT (PUBLIC)** was served as indicated, to the parties listed below, on this 31st day of January 2008:

The Honorable Marilyn R. Abbott
SECRETARY
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 112A
Washington, DC 20436
**(VIA HAND DELIVERY – Original + 6 copies)**

The Honorable Theodore R. Essex
ADMINISTRATIVE LAW JUDGE
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 317
Washington, DC 20436
**(VIA HAND DELIVERY – 2 copies)**

Heidi E. Strain, Esq.
INVESTIGATIVE ATTORNEY
OFFICE OF UNFAIR IMPORT INVESTIGATIONS
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 401
Washington, DC 20436
**(VIA HAND DELIVERY)**

Brian R. Nester, Esq.
Jeffrey R. Whieldon, Esq.
FISH & RICHARDSON PC
1425 K Street, NW
Washington, DC 20007
**(VIA HAND DELIVERY)**

John P. Schnurer, Esq.
FISH & RICHARDSON PC
12390 El Camino Real
San Diego, California 92130
**(VIA FEDERAL EXPRESS)**

**RESPONDENTS PEGATRON TECHNOLOGY**
**UNIHAN TECHNOLOGY CORPORATION**

c/o Brian R. Nester, Esq.
Jeffrey R. Whieldon, Esq.
FISH & RICHARDSON PC
1425 K Street, NW
Washington, DC 20007
**(VIA HAND DELIVERY – PER AGREEMENT)**

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036

IBM100007-Pub

67