# EXHIBIT F

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Robert W. Stone (SBN 163513)
2    robertstone@quinnemanuel.com
     Michael D. Powell (SBN 202850)
3    mikepowell@quinnemanuel.com
   555 Twin Dolphin Dr., Suite 560
4  Redwood Shores, California 94065
   Telephone:    (650) 801-5000
5  Facsimile:    (650) 801-5100

6  CADWALADER, WICKERSHAM & TAFT LLP
     Christopher A. Hughes (*not yet admitted pro hac vice*)
7    Tony V. Pezzano (*not yet admitted pro hac vice*)
     John T. Moehringer (*not yet admitted pro hac vice*)
8    James T. Bailey (*not yet admitted pro hac vice*)
   One World Financial Center
9  New York, New York 10281
   Telephone: 212.504.6000
10 Facsimile: 212.504.6666

11 ADDUCI MASTRIANI & SCHAUMBERG LLP
     V. James Adduci II (*not yet admitted pro hac vice*)
12   Michael L. Doane (*not yet admitted pro hac vice*)
     Patricia Larios (*not yet admitted pro hac vice*)
13 1200 Seventh Street, N.W., Fifth Floor
   Washington, DC 20036
14 Telephone No: 202.467-6300

15 Attorneys for International Business Machines
   Corporation
16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18
                       SAN FRANCISCO DIVISION
19

| ASUSTEK COMPUTER, INC., and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C08-1168-MEJ<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

76650/2444112.1

- 1 -                            Case No. 08-cv-1168-MEJ
ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant International Business Machines Corporation ("IBM"), by and through its attorneys, hereby answers the Complaint for Declaratory Judgment ("Complaint") of plaintiffs AsusTek Computer Inc. and ASUS Computer International (collectively "ASUS"), and submits Counterclaims for patent infringement against ASUS.

### IBM'S ANSWER

### PARTIES

1. Upon information and belief, IBM admits the allegations of paragraph 1 of the Complaint.

2. Upon information and belief, IBM admits the allegations of paragraph 2 of the Complaint.

3. IBM admits that it is a New York corporation with its principal place of business located at New Orchard Road, Armonk, New York 10504.

### JURISDICTION AND VENUE

4. IBM admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 1338(a). IBM also admits that the Complaint purports to assert claims arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.*

5. IBM admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

### INTRADISTRICT ASSIGNMENT

6. IBM admits that this action is subject to assignment on a district-wide basis under the local rules of this Court.

### ANSWER TO GENERAL ALLEGATIONS

7. IBM admits that on December 5, 2007, IBM filed a Complaint with the International Trade Commission ("ITC Complaint") against ASUS pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337.

8. IBM admits that on January 31, 2008, IBM filed an Amended Complaint ("ITC Amended Complaint") adding Pegatron Technology Corporation ("Pegatron") and Unihan

Technology Corporation ("Unihan") as additional Respondents. IBM admits that the ITC Amended Complaint is based upon ASUS, Pegatron and Unihan's (collectively "Respondents") unlawful importation into the United States, the sale for importation into the United States and/or the sale within the United States after importation of certain computer products, including notebooks, servers, barebones and routers, computer components, including motherboards and graphics cards, and/or products containing such infringing computer components, which infringe one or more of the following claims of the following United States Patents:

- Claims 1 and 2 of U.S. Patent No. 5,008,829 ("the '829 patent");
- Claim 1 of U.S. Patent No. 5,249,741 ("the '741 patent"); and
- Claims 1, 8, 13, 14, 22 and 23 of U.S. Patent No. 5,371,852 ("the '852 patent")

(collectively the "patents at issue").

IBM denies any remaining allegation of paragraph 8 of the Complaint.

9. IBM admits the allegations of paragraph 9 of the Complaint that IBM contends the claims of the patents at issue are valid.

10. IBM denies the allegations of paragraph 10 of the Complaint.

**ANSWER TO FIRST CLAIM FOR RELIEF**

**(Declaratory Relief Regarding Alleged Non-Infringement)**

11. IBM incorporates herein by reference its responses to paragraphs 1 through 10 of the Complaint.

12. IBM admits that an actual and justiciable controversy exists between ASUS and IBM regarding the patents at issue, but denies the remaining allegations of paragraph 12 of the Complaint.

13. IBM denies the allegations of paragraph 13 of the Complaint.

**ANSWER TO SECOND CLAIM FOR RELIEF**

**(Declaratory Relief Regarding Alleged Invalidity)**

14. IBM incorporates herein by reference its responses to paragraphs 1 through 10 of the Complaint.

15. IBM admits that an actual and justiciable controversy exists between ASUS and IBM regarding the patents at issue, but denies the remaining allegations of paragraph 15 of the Complaint.

16. IBM denies the allegations of paragraph 16 of the Complaint.

### ANSWER TO PRAYER FOR RELIEF

IBM denies that ASUS is entitled to any of the relief requested against IBM.

### IBM'S COUNTERCLAIMS

Counterclaim Plaintiff International Business Machines Corporation ("IBM") for its Counterclaims against Counterclaim Defendants AsusTek Computer, Inc., ASUS Computer International (collectively "ASUS") alleges and avers as follows:

### THE PARTIES

17. On information and belief, Counterclaim Defendant AsusTek Computer, Inc. is a Taiwanese corporation with its principal place of business located at 4F No. 150 Li-Te Road, Peitou, Taipei, Taiwan.

18. On information and belief, Counterclaim Defendant ASUS Computer International is a wholly-owned United States subsidiary of AsusTek Computer, Inc. with its principal place of business located at 44370 Nobel Drive, Fremont, California 94538.

### JURISDICTION AND VENUE

19. The present counterclaims for patent infringement arise under the laws of the United States, including 35 U.S.C. § 271. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

20. This Court has personal jurisdiction over ASUS and venue is proper in this judicial district by reason, *inter alia*, of ASUS instituting the present lawsuit before this Court in this judicial district.

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,008,829)

21.  IBM realleges and incorporates by reference the allegations of paragraphs 17 through 20.

22.  On April 16, 1991, U.S. Patent No. 5,008,829 ("the '829 patent"), entitled "Personal Computer Power Supply" was duly and legally issued by the United States Patent and Trademark Office to Roger L. Cox, Michael J. DeLoye and Robert L. Meyers who assigned their rights in the '829 patent to IBM. IBM is the owner of the '829 patent and continues to hold all rights and interest in the '829 patent.

23.  ASUS has directly, indirectly, contributorily and/or by inducement infringed and continues to infringe the '829 patent by its manufacture, use, sale, importation and/or offer for sale of a variety of products including but not limited to computer products, such as notebooks, servers, barebones and routers, computer components, including motherboards and graphics cards, and/or products containing such infringing computer components, etc.

24.  ASUS's acts of infringement have caused damage to IBM, and IBM is entitled to recover from ASUS the damages sustained as a result of ASUS's wrongful acts in an amount subject to proof at trial. ASUS's infringement of IBM's exclusive rights under the '829 patent will continue to cause damage to IBM, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

25.  Upon information and belief, ASUS's infringement of the '829 patent is willful and deliberate, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,249,741)

26.  IBM realleges and incorporates by reference the allegations of paragraphs 17 through 20.

27.  On October 5, 1993, U.S. Patent No. 5,249,741 ("the '741 patent"), entitled "Automatic Fan Speed Control" was duly and legally issued by the United States Patent and

1  Trademark Office to William R. Bistline, William C. Johnson and James M. Peterson who
2  assigned their rights in the '741 patent to IBM. IBM is the owner of the '741 patent and continues
3  to hold all rights and interest in the '741 patent.

4  28.   ASUS has directly, indirectly, contributorily and/or by inducement infringed and
5  continues to infringe the '741 patent by its manufacture, use, sale, importation and/or offer for sale
6  of a variety of products including but not limited to computer products, such as notebooks,
7  servers, barebones and routers, computer components, including motherboards and graphics cards,
8  and/or products containing such infringing computer components, etc.

9  29.   ASUS's acts of infringement have caused damage to IBM, and IBM is entitled to
10 recover from ASUS the damages sustained as a result of ASUS's wrongful acts in an amount
11 subject to proof at trial. ASUS's infringement of IBM's exclusive rights under the '741 patent
12 will continue to cause damage to IBM, causing irreparable harm for which there is no adequate
13 remedy at law unless enjoined by this Court.

14 30.   Upon information and belief, ASUS's infringement of the '741 patent is willful and
15 deliberate, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorneys' fees and
16 costs incurred in prosecuting this action under 35 U.S.C. § 285.

### THIRD COUNTERCLAIM

**(Infringement of U.S. Patent No. 5,371,852)**

19 31.   IBM realleges and incorporates by reference the allegations of paragraphs 17
20 through 20.

21 32.   On December 6, 1994, U.S. Patent No. 5,371,852 ("the '852 patent"), entitled
22 "Method and Apparatus for Making a Cluster of Computers Appear as a Single Host on a
23 Network" was duly and legally issued by the United States Patent and Trademark Office to
24 Clement R. Attanasio and Stephen E. Smith who assigned their rights in the '852 patent to IBM.
25 IBM is the owner of the '852 patent and continues to hold all rights and interest in the '852 patent.

26 33.   ASUS has directly, indirectly, contributorily and/or by inducement infringed and
27 continues to infringe the '852 patent by its manufacture, use, sale, importation and/or offer for sale
28 of a variety of products including but not limited to computer products, such as notebooks,

1  servers, barebones and routers, computer components, including motherboards and graphics cards,
2  and/or products containing such infringing computer components, etc.
3      34.   ASUS's acts of infringement have caused damage to IBM, and IBM is entitled to
4  recover from ASUS the damages sustained as a result of ASUS's wrongful acts in an amount
5  subject to proof at trial. ASUS's infringement of IBM's exclusive rights under the '852 patent
6  will continue to cause damage to IBM, causing irreparable harm for which there is no adequate
7  remedy at law unless enjoined by this Court.
8      35.   Upon information and belief, ASUS's infringement of the '852 patent is willful and
9  deliberate, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorneys' fees and
10 costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, IBM requests entry of judgment in its favor and against ASUS as follows:

A.   adjudicating and declaring that ASUS has infringed, actively induced infringement of, and/or contributorily infringed the '829, '741 and '852 patents;

B.   enjoining ASUS from further infringement of the '829, '741 and '852 patents by unauthorized use of the inventions patented therein, by ASUS and its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them;

C.   that ASUS account, and pay actual damages to IBM for ASUS's infringement of the '829, '741 and '852 patents;

D.   that ASUS pay treble damages to IBM as provided by 35 U.S.C. § 284;

E.   that ASUS pay IBM's costs, expenses and prejudgment interest as provided for by 35 U.S.C. § 284;

F.   adjudicating and declaring that this case is exceptional within the meaning of 35 U.S.C. § 285 and that IBM should be awarded its reasonable fees; and

G.   granting IBM such other and further relief as the Court deems just and appropriate.

1

2

3    DATED: March 24, 2008

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael D. Powell
   Robert W. Stone
   Michael D. Powell

Attorneys for Defendant International Business Machines Corporation

76650/2444112.1

- 8 -      Case No. 08-cv-1168-MEJ
ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

## DEMAND FOR JURY TRIAL

IBM demands a jury trial on all issues so triable pursuant to Fed. R. Civ. Proc. 38(b) and Civil L.R. 3-6(a).

DATED: March 24, 2008

Respectfully submitted,

/s/ Michael D. Powell

Robert W. Stone
Michael D. Powell
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
email: robertstone@quinnemanuel.com
Telephone: 650.801.5000
Facsimile: 650.801.5100

Christopher A. Hughes
Tony V. Pezzano
John T. Moehringer
James T. Bailey
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: 212.504.6000
Facsimile: 212.504.6666

V. James Adduci II
Michael L. Doane
Patricia Larios
ADDUCI MASTRIANI & SCHAUMBERG LLP
1200 Seventh Street, N.W.
Fifth Floor
Washington, DC 20036
Telephone No: 202.467-6300

*Attorneys for Defendant International Business Machines Corporation*

76650/2444112.1

9    Case No. 08-cv-1168-MEJ
ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT