QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Robert W. Stone (Bar No. 163513)
  robertstone@quinnemanuel.com
  TJ Chiang (Bar No. 235165)
  tjchiang@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065
Telephone:  (650) 801-5000
Facsimile:  (415) 801-5100

  Jeffrey N. Boozell (Bar No. 199507)
  jeffboozell@quinnemanuel.com
  Joseph M. Paunovich (Bar No. 228222)
  joepaunovich@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Attorneys for Defendant and Counterclaimant
International Business Machines Corporation.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSTEK COMPUTER, INC.<br><br>          Plaintiff,<br><br>     vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>          Defendant,<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>          Counterclaimant,<br><br>     vs.<br><br>ASUSTEK COMPUTER, INC. and ASUS COMPUTER INTERNATIONAL.<br><br>          Counterclaim Defendants. | CASE NO. 08cv0602-JM-WMC<br><br>DEFENDANT AND COUNTERCLAIMANT IBM'S ANSWER AND DEFENSES TO COMPLAINT AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

## IBM'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant International Business Machines Corporation ("IBM"), states for its Answer and Affirmative Defenses to the Complaint of Plaintiff ASUSTeK Computer, Inc. ("ASUSTeK") as follows:

### Parties

1. Admitted.
2. Admitted.

### Jurisdiction and Venue

3. Admitted.
4. IBM admits that venue is proper in this judicial district. IBM admits that it is subject to personal jurisdiction in this judicial district. IBM denies the remaining allegations of paragraph 4 of the complaint.
5. Denied.

### First Claim for Relief

6. The answers to paragraphs 1-5 are incorporated herein by reference.
7. IBM admits that a copy of a document purporting to be U.S. Patent No. 6,041,346 ("the '346 patent") was attached to the Complaint as Exhibit 1. IBM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.
8. Denied.
9. Denied.
10. Denied.

### Second Claim for Relief

11. The answers to paragraphs 1-5 are incorporated herein by reference.
12. IBM admits that a copy of a document purporting to be U.S. Patent No. 7,103,765 ("the '765 patent") was attached to the Complaint as Exhibit 2. IBM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

| | | |
|---|---|---|
| 1 | 13. | Denied. |
| 2 | 14. | Denied. |

**Prayer**

15.  IBM denies that ASUSTeK is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Further answering the Complaint and as additional defenses thereto, IBM asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff ASUSTeK.

**First Affirmative Defense**

**(Failure to State a Claim)**

The Complaint fails to state a cause of action against IBM upon which relief can be granted.

**Second Affirmative Defense**

**(Non-Infringement)**

IBM has not infringed, and is not infringing, (either directly, contributorily, or by inducement) any valid claim of the '346 and '765 patents.

**Third Affirmative Defense**

**(Invalidity)**

The asserted claims of the '346 and '765 patents, as properly construed, are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, 112 and/or 133.

**Fourth Affirmative Defense**

**(Waiver, Laches and/or Estoppel)**

On information and belief, ASUSTeK is barred from enforcing the '346 and '765 patents against IBM under the doctrines of waiver, laches and/or estoppel.

**Fifth Affirmative Defense**

**(35 U.S.C. § 287)**

On information belief, ASUSTeK's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287 from the date the '346 and '765 patents issued.

**Sixth Affirmative Defense**

**(Unclean Hands)**

ASUSTeK is barred from enforcing the '346 and '765 patents on the basis of unclean hands.

**Seventh Affirmative Defense**

**(Willfullness)**

IBM has not willfully infringed the '346 and '765 patents.

**Eighth Affirmative Defense**

**(Privileged Conduct)**

ASUSTeK's claims are barred, in whole or in part, because any and all of IBM's conduct has been lawful, justified and/or privileged.

**Ninth Affirmative Defense**

**(Failure to Mitigate)**

ASUSTeK has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by ASUSTeK must therefore be diminished or barred.

## IBM'S COUNTERCLAIMS

For its Counterclaims against Plaintiff and Counterclaim Defendant ASUSTeK Computer, Inc. ("ASUSTeK") and Counterclaim Defendant ASUS Computer International ("ACI") (collectively, "ASUS"), Defendant and Counterclaimant International Business Machines Corporation ("IBM") states as follows:

### Parties

1. IBM is a New York corporation with its principal place of business in the State of New York.

2. On information and belief, ASUSTeK is a Taiwanese corporation with a principal place of business located at 4F No. 150 Li-Te Road, Peitou, Taipei 112, Taiwan, Republic of China (R.O.C.).

3. On information and belief, ACI is a California corporation and wholly-owned United States subsidiary of ASUSTeK with a principal place of business located at 44370 Nobel Dr., Fremont, CA 94538.

### Jurisdiction and Venue

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338 and under the Declaratory Judgment Act 28 U.S.C. §§ 2201 *et seq*., and § 1332(a). Venue is proper in this Court under 28 U.S.C. § 1400(b) and § 1391(b)-(c).

5. This Court has personal jurisdiction over ASUSTeK, because ASUSTeK conducts substantial business in the State of California and this district; maintains a website on the Internet at www.asus.com, which is accessible in this district; directs, contributes to and/or induces the actions of its wholly-owned United States subsidiary and California corporation ACI; and filed its lawsuit against IBM in this district.

6. This Court has personal jurisdiction over ACI, because ACI is a corporation registered and organized under the laws of the State of California; conducts substantial business in the State of California and this district; maintains a website on the Internet at www.asus.com,

which is accessible in this district; and its actions are directed by, contributed to and/or induced by its wholly-owning parent corporation ASUSTeK.

7. ASUS continues to intentionally cause, contribute and induce acts of patent infringement in the Southern District of California, elsewhere in the State of California and in the United States.

### First Counterclaim for Relief

**(Declaratory Judgment of Non-Infringement of the '346 patent)**

8. IBM realleges and incorporates by reference its Affirmative Defenses and paragraphs 1 through 7 of its Counterclaims, inclusive, as if fully set forth in this paragraph.

9. An actual case or controversy exists between ASUSTeK and IBM as to whether the '346 patent is not infringed by IBM.

10. A judicial declaration is necessary and appropriate so that IBM may ascertain its rights regarding the '346 patent.

11. IBM has not infringed and does not infringe any valid and enforceable claim of the '346 patent and is therefore entitled to a judicial declaration of non-infringement.

12. This is an exceptional case under 35 U.S.C. § 285 because ASUSTeK filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Second Counterclaim for Relief

**(Declaratory Judgment of Invalidity of the '346 patent)**

13. IBM realleges and incorporates by reference its Affirmative Defenses and paragraphs 1 through 12 of its Counterclaims, inclusive, as if fully set forth in this paragraph.

14. An actual case or controversy exists between ASUSTeK and IBM as to whether the '346 patent is invalid.

15. A judicial declaration is necessary and appropriate so that IBM may ascertain its rights as to whether the '346 patent is invalid.

16. Each and every claim of the '346 patent is invalid for failure to comply with one or more of the statutory requirements of the patent laws of the United States, including without

1  limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 133 and therefore IBM is entitled to a

2  judicial declaration that the '346 patent is invalid.

3      17.    This is an exceptional case under 35 U.S.C. § 285 because ASUSTeK filed its

4  Complaint with knowledge of the facts stated in this Counterclaim.

### Third Counterclaim for Relief

**(Declaratory Judgment of Non-Infringement of the '765 patent)**

7      18.    IBM realleges and incorporates by reference its Affirmative Defenses and

8  paragraphs 1 through 17 of its Counterclaims, inclusive, as if fully set forth in this paragraph.

9      19.    An actual case or controversy exists between ASUSTeK and IBM as to whether the

10  '765 patent is not infringed by IBM.

11      20.    A judicial declaration is necessary and appropriate so that IBM may ascertain its

12  rights regarding the '765 patent.

13      21.    IBM has not infringed and does not infringe any valid and enforceable claim of the

14  '765 patent and is therefore entitled to a judicial declaration of non-infringement.

15      22.    This is an exceptional case under 35 U.S.C. § 285 because ASUSTeK filed its

16  Complaint with knowledge of the facts stated in this Counterclaim.

### Fourth Counterclaim for Relief

**(Declaratory Judgment of Invalidity of the '765 patent)**

19      23.    IBM realleges and incorporates by reference its Affirmative Defenses and

20  paragraphs 1 through 22 of its Counterclaims, inclusive, as if fully set forth in this paragraph.

21      24.    An actual case or controversy exists between ASUSTeK and IBM as to whether the

22  '765 patent is invalid.

23      25.    A judicial declaration is necessary and appropriate so that IBM may ascertain its

24  rights as to whether the '765 patent is invalid.

25      26.    Each and every claim of the '765 patent is invalid for failure to comply with one or

26  more of the statutory requirements of the patent laws of the United States, including without

27  limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 133 and therefore IBM is entitled to a

28  judicial declaration that the '765 patent is invalid.

27. This is an exceptional case under 35 U.S.C. § 285 because ASUSTeK filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Fifth Counterclaim for Relief

**(Infringement of U.S. Patent No. 5,680,397)**

28. IBM realleges and incorporates by reference the allegations in paragraphs 1 through 27 of these Counterclaims, inclusive, as if fully set forth in this paragraph.

29. United States Patent No. 5,680,397 ("the '397 patent"), entitled "Multi-Port LAN Switch for a Token-Ring Network," was duly and legally issued on October 21, 1997, to Christensen et al. IBM owns the '397 patent. A true and correct copy of the '397 patent is attached hereto as Exhibit A.

30. The '397 patent is valid and enforceable.

31. ASUS has and is engaged in the manufacture, use, sale, offer to sell or importation of networking products, including but not limited to ASUS routers and switches, including by nonlimiting example the GigaX2024B, and thereby has infringed and is still infringing one or more claims of the '397 patent.

32. ASUS has contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '397 patent.

33. ASUS's infringement of the '397 patent has been, and continues to be, willful, deliberate, and intentional.

34. ASUS's infringement of one or more claims of the '397 patent has injured IBM, and IBM is entitled to recover damages adequate to compensate it for ASUS's infringement, which in no event can be less than a reasonable royalty.

35. ASUS has caused IBM substantial damage and irreparable injury by its infringement of one or more claims of the '397 patent, and IBM will continue to suffer damages and irreparable injury unless and until the infringement by ASUS is enjoined by this Court.

**Sixth Counterclaim for Relief**

**(Infringement of U.S. Patent No. 6,266,589)**

36. IBM realleges and incorporates by reference the allegations in paragraphs 1 through 35 of these Counterclaims, inclusive, as if fully set forth in this paragraph.

37. United States Patent No. 6,266,589 ("the '589 patent"), entitled "Speed-Based Disabling of Functionality for Automotive Applications," was duly and legally issued on July 24, 2001, to Boies et al. IBM owns the '589 patent. A true and correct copy of the '589 patent is attached hereto as Exhibit B.

38. The '589 patent is valid and enforceable.

39. ASUS has and is engaged in the manufacture, use, sale, offer to sell or importation of products, including but not limited to ASUS navigation products, including by nonlimiting example the R300, and GPS enabled ASUS phones and personal data assistants, including by nonlimiting example the P527 Smartphone, and thereby has infringed and is still infringing one or more claims of the '589 patent.

40. ASUS has contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '589 patent.

41. ASUS's infringement of the '589 patent has been, and continues to be, willful, deliberate, and intentional.

42. ASUS's infringement of one or more claims of the '589 patent has injured IBM, and IBM is entitled to recover damages adequate to compensate it for ASUS's infringement, which in no event can be less than a reasonable royalty.

43. ASUS has caused IBM substantial damage and irreparable injury by its infringement of one or more claims of the '589 patent, and IBM will continue to suffer damages and irreparable injury unless and until the infringement by ASUS is enjoined by this Court.

**PRAYER FOR RELIEF**

Wherefore, IBM prays that this Court grant the following relief and judgment:

A. That no injunctive relief issue to ASUS;

B. That ASUS take nothing by reason of its Complaint;

  C. As to the First Counterclaim, that the claims of the '346 patent be adjudged not infringed, either directly or indirectly, by IBM;

  D. As to the Second Counterclaim, that the claims of the '346 patent be adjudged invalid;

  E. As to the Third Counterclaim, that the claims of the '765 patent be adjudged not infringed, either directly or indirectly, by IBM;

  F. As to the Fourth Counterclaim, that the claims of the '765 patent be adjudged invalid;

  G. As to the Fifth Counterclaim, that the Court grant the following relief to IBM:

    (1) A judgment that ASUS has infringed, contributorily infringed, and/or induced the infringement of the '397 patent, and continues to infringe, contribute to the infringement of, and/or induce the infringement of the '397 patent;

    (2) A judgment that ASUS's infringement of the '397 patent was willful, and continues to be willful;

    (3) Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining ASUS, its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement, contributory infringement, and inducement of infringement of the '397 patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe as set forth in the '397 patent;

    (4) An award of all damages adequate to compensate IBM for ASUS's infringement, contributory infringement, and/or inducement of infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

    (5) An award of prejudgment and post-judgment interest to IBM pursuant to 35 U.S.C. § 284;

    (6) An award of increased damages in an amount not less than three times the amount of damages awarded to IBM for ASUS's willful infringement of the '397 patent pursuant to 35 U.S.C. § 284;

1    H.    As to the Sixth Counterclaim, that the Court grant the following relief to IBM:

2        (1)    A judgment that ASUS has infringed, contributorily infringed, and/or
3 induced the infringement of the '589 patent, and continues to infringe, contribute to the
4 infringement of, and/or induce the infringement of the '589 patent;

5        (2)    A judgment that ASUS's infringement of the '589 patent was willful, and
6 continues to be willful;

7        (3)    Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining
8 ASUS, its officers, directors, servants, consultants, managers, employees, agents, attorneys,
9 successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with
10 any of them, from infringement, contributory infringement, and inducement of infringement of the
11 '589 patent, including but not limited to making, using, offering to sell, selling, or importing any
12 products that infringe as set forth in the '589 patent;

13        (4)    An award of all damages adequate to compensate IBM for ASUS's
14 infringement, contributory infringement, and/or inducement of infringement, such damages to be
15 determined by a jury and, if necessary, an accounting of all damages;

16        (5)    An award of prejudgment and post-judgment interest to IBM pursuant to 35
17 U.S.C. § 284;

18        (6)    An award of increased damages in an amount not less than three times the
19 amount of damages awarded to IBM for ASUS's willful infringement of the '589 patent pursuant
20 to 35 U.S.C. § 284;

21    I.    That IBM be awarded its costs and expenses;

22    J.    That this action be declared exceptional under 35. U.S.C. § 285, and judgment be
23 entered awarding IBM its costs and reasonable attorneys fees; and

24    K.    Such other relief as this Court may deem just and proper.

1  DATED:  June 5, 2008                         QUINN EMANUEL URQUHART OLIVER &
2                                                                HEDGES, LLP

3
                                                          By  */s/ Jeffrey N. Boozell*
4                                                             Jeffrey N. Boozell
                                                              Attorneys for Defendant and Counterclaimant
5                                                             International Business Machines Corporation.

6

7                              **DEMAND FOR JURY TRIAL**

8       In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff and

9  Counterclaimant IBM demands a trial by jury on all issues triable by a jury.

10

11  DATED:  June 5, 2008                        QUINN EMANUEL URQUHART OLIVER &
                                                                 HEDGES, LLP
12

13
                                                          By  */s/ Jeffrey N. Boozell*
14                                                            Jeffrey N. Boozell
                                                              Attorneys for Defendant and Counterclaimant
15                                                            International Business Machines Corporation.

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document entitled **DEFENDANT AND COUNTERCLAIMANT IBM'S ANSWER AND DEFENSES TO COMPLAINT AND COUNTERCLAIMS** was filed electronically in compliance with Civil Local Rule 5.4. As such, the foregoing document will be served on all counsel for ASUSTEK COMPUTER, INC. who have consented to electronic service pursuant to Civil Local Rule 5.4 via the Court's ECF System. Service of process, i.e., service of the summons and complaint, shall be effected on ASUS COMPUTER INTERNATIONAL in accordance with Federal Rules of Civil Procedure.

Dated: June 5, 2008

                                                      */s/ Jeffrey N. Boozell*

                                                      Jeffrey N. Boozell