John P. Schnurer, SBN 185725, schnurer@fr.com
Cheng Chieh (Jack) Ko, SBN 244630, ko@fr.com
Ryan P. O'Connor, SBN 253596, oconnor@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff, Counterclaim-Defendant and Counterclaim-Plaintiff
ASUSTeK Computer, Inc.

Attorneys for Counterclaim-Defendant and Counterclaim-Plaintiff
ASUS Computer International

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSTEK COMPUTER, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>  Defendant. | Case No. 08-CV-602-JM (WMc)<br><br>**REPLY TO COUNTERCLAIMS AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>  Counterclaimant,<br><br>  v.<br><br>ASUSTEK COMPUTER, INC. and ASUS COMPUTER INTERNATIONAL,<br><br>  Counterclaim Defendants. | |
| ASUSTEK COMPUTER, INC. and ASUS COMPUTER INTERNATIONAL,<br><br>  Counterclaim Plaintiffs,<br><br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>  Counterclaim Defendant. | |

Plaintiff/Counter-Defendant ASUSTeK Computer, Inc. and Counter-Defendant ASUS Computer International (collectively "ASUS") hereby reply to the counterclaims of Defendant/Counter-Plaintiff International Business Machines Corporation (hereinafter "IBM") as follows:

1. ASUS admits the allegations of paragraph 1 of the counterclaims.
2. ASUS admits the allegations of paragraph 2 of the counterclaims.
3. ASUS admits the allegations of paragraph 3 of the counterclaims.
4. ASUS admits the allegations of paragraph 4 of the counterclaims.
5. ASUS admits the allegations of paragraph 5 of the counterclaims.
6. ASUS admits the allegations of paragraph 6 of the counterclaims.
7. ASUS denies the allegations of paragraph 7 of the counterclaims.

**REPLY TO FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '346 patent)**

8. ASUS incorporates by reference its responses to paragraphs 1-7 of the counterclaims.
9. ASUS admits the allegations of paragraph 9 of the counterclaims.
10. ASUS denies the allegations of paragraph 10 of the counterclaims.
11. ASUS denies the allegations of paragraph 11 of the counterclaims.
12. ASUS denies the allegations of paragraph 12 of the counterclaims.

**REPLY TO SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '346 patent)**

13. ASUS incorporates by reference its responses to paragraphs 1-12 of the counterclaims.
14. ASUS admits the allegations of paragraph 14 of the counterclaims.
15. ASUS denies the allegations of paragraph 15 of the counterclaims.
16. ASUS denies the allegations of paragraph 16 of the counterclaims.
17. ASUS denies the allegations of paragraph 17 of the counterclaims.

## REPLY TO THIRD COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '765 patent)**

18. ASUS incorporates by reference its responses to paragraphs 1-17 of the counterclaims.

19. ASUS admits the allegations of paragraph 19 of the counterclaims.

20. ASUS denies the allegations of paragraph 20 of the counterclaims.

21. ASUS denies the allegations of paragraph 21 of the counterclaims.

22. ASUS denies the allegations of paragraph 22 of the counterclaims.

## REPLY TO FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '765 patent)**

23. ASUS incorporates by reference its responses to paragraphs 1-22 of the counterclaims.

24. ASUS admits the allegations of paragraph 24 of the counterclaims.

25. ASUS denies the allegations of paragraph 25 of the counterclaims.

26. ASUS denies the allegations of paragraph 26 of the counterclaims.

27. ASUS denies the allegations of paragraph 27 of the counterclaims.

## REPLY TO FIFTH COUNTERCLAIM

**(Alleged Infringement of U.S. Patent No. 5,680,397)**

28. ASUS incorporates by reference its responses to paragraphs 1-27 of the counterclaims.

29. ASUS admits that the first page of the '397 patent lists an issue date of October 21, 1997, a title "Multi-Port LAN Switch for a Token-Ring Network," and names Christensen et al., and identifies IBM as the assignee of the '397 patent. Except as admitted, ASUS denies the allegations of paragraph 29.

30. ASUS denies the allegations of paragraph 30 of the counterclaims.

31. ASUS admits that it offers to sell or sells networking products, including but not limited to ASUS routers and switches, including by non-limiting example the GigaX2024B. Except as admitted, ASUS denies the allegations of paragraph 31.

32. ASUS denies the allegations of paragraph 32 of the counterclaims.

33. ASUS denies the allegations of paragraph 33 of the counterclaims.

34. ASUS denies the allegations of paragraph 34 of the counterclaims.

35. ASUS denies the allegations of paragraph 35 of the counterclaims.

## REPLY TO SIXTH COUNTERCLAIM

### (Alleged Infringement of U.S. Patent No. 6,266,589)

36. ASUS incorporates by reference its responses to paragraphs 1-35 of the counterclaims.

37. ASUS admits that the first page of the '589 patent lists an issue date of July 24, 2001, a title "Speed-Based Disabling of Functionality for Automotive Applications," and names Boies et al, and identifies IBM as the assignee of the '589 patent. Except as admitted, ASUS denies the allegations of paragraph 37.

38. ASUS denies the allegations of paragraph 38 of the counterclaims.

39. ASUS admits that it offers to sell or sells ASUS navigation products, including by non-limiting example the R300, and ASUS GPS-enabled phones and personal data assistants, including by non-limiting example the P527 Smartphone. Except as admitted, ASUS denies the allegations of paragraph 39.

40. ASUS denies the allegations of paragraph 40 of the counterclaims.

41. ASUS denies the allegations of paragraph 41 of the counterclaims.

42. ASUS denies the allegations of paragraph 42 of the counterclaims.

43. ASUS denies the allegations of paragraph 43 of the counterclaims.

## PRAYER

44. ASUS denies that IBM is entitled to any relief.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, ASUS specifically reserves the right to allege additional affirmative defenses as they become known.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

45. The asserted claims of the '397 and '589 patents, as properly construed, are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, 112 and/or 133.

### SECOND AFFIRMATIVE DEFENSE
### (Unenforceability – Express of Implied License)

46. On information and belief, IBM's claims are barred in whole or in part pursuant to an actual license or under the doctrine of implied license.

### THIRD AFFIRMATIVE DEFENSE
### (Unenforceability – Patent Exhaustion/First Sale Doctrine)

47. IBM is barred in whole or in part by the doctrine of patent exhaustion/first sale doctrine from enforcing the '397 and '589 patents against ASUS.

## ASUS' COUNTERCLAIMS

For its Counterclaims against Defendant/Counter-Plaintiff International Business Machines Corporation ("IBM"), Plaintiff/Counter-Defendant/Counter-Plaintiff ASUSTeK Computer, Inc. and Counter-Defendant/Counter-Plaintiff ASUS Computer International (collectively, "ASUS") state as follows:

### PARTIES

1. Plaintiff/Counter-Defendant/Counter-Plaintiff ASUSTeK Computer, Inc. ("ASUSTeK") is a Taiwanese corporation with its principal place of business located at 4F No. 150 Li-Te Road, Peitou, Taipei, Taiwan

2. Counter-Defendant/Counter-Plaintiff ASUS Computer International ("ACI") is a wholly-owned United States subsidiary of ASUSTeK with its principal place of business located at 44370 Nobel Drive, Fremont, California 94538

3. On information and belief, Defendant/Counter-Plaintiff IBM is a New York corporation with its principal place of business located at New Orchard Road, Armonk, New York 10504.

### JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action and the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.*

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c), and 1400(b).

### FIRST COUNTERCLAIM FOR RELIEF
**(Declaratory Relief Regarding Non-Infringement)**

6. ASUS incorporates by reference its Affirmative Defenses and paragraphs 1-5 of its Counterclaims.

7. An actual and justiciable controversy exists between ASUS and IBM as to non-infringement of the '397 and '589 patents.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that ASUS does not infringe and has not infringed any claim of the '397 and '589 patents.

## SECOND COUNTERCLAIM FOR RELIEF

### (Declaratory Relief Regarding Invalidity)

9. ASUS incorporates by reference its Affirmative Defenses and paragraphs 1-5 of its Counterclaims.

10. An actual and justiciable controversy exists between ASUS and IBM as to the invalidity of the '397 and '589 patents.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ASUS requests the declaration of the Court that one or more claims of the '397 patent and the '589 patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, sections 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, ASUS prays that the Court enter declaratory judgment as follows:

(1) That ASUS does not infringe and has not infringed, directly or indirectly, the '397 patent and the '589 patent;

(2) That IBM, and all person acting on its behalf or in concert with it, be permanently enjoined and restrained from charging, orally or in writing, that the '397 patent is infringed by ASUS, directly or indirectly.

(3) That IBM, and all person acting on its behalf or in concert with it, be permanently enjoined and restrained from charging, orally or in writing, that the '589 patent is infringed by ASUS, directly or indirectly.

(4) That the '397 patent and the '589 patent are invalid;

(5)    That ASUS be awarded its costs, expenses and reasonable attorney fees in this action; and

(6)    That ASUS be awarded such other and further relief as the Court may deem appropriate.

DATED:    June 30, 2008                    FISH & RICHARDSON P.C.

By: s/John P. Schnurer
John P. Schnurer
schnurer@fr.com

Attorneys for Plaintiff/Counter-Defendant/Counter-Plaintiff, ASUSTeK Computer, Inc. and Counter-Defendant/Counter-Plaintiff ASUS Computer International

## DEMAND FOR JURY TRIAL

Plaintiff/Counter-Defendant/Counter-Plaintiff ASUSTeK Computer, Inc. and Counter-Defendant/Counter-Plaintiff ASUS Computer International hereby demand a jury trial on all issues in this action.

DATED:   June 30, 2008           FISH & RICHARDSON P.C.

By:   s/John P. Schnurer
      John P. Schnurer
      schnurer@fr.com

      Attorneys for Plaintiff/Counter-
      Defendant/Counter-Plaintiff,
      ASUSTeK Computer, Inc. and Counter-
      Defendant/Counter-Plaintiff ASUS
      Computer International

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 30, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

s/ John P. Schnurer
John P. Schnurer
schnurer@fr.com

Attorneys for Plaintiff/Counter-Defendant/Counter-Plaintiff, ASUSTeK Computer, Inc. and Counter-Defendant/Counter-Plaintiff ASUS Computer International