# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSTEK COMPUTER INC.,<br><br>          Plaintiff,<br> vs.<br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>          Defendant. | CASE NO. 08cv602-JM(WMc)<br><br>ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS |
| INTERNATIONAL BUSINESS MACHINES, CORP.,<br><br>          Counterclaimant,<br> vs.<br>AUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL ,<br><br>          Counterclaim Defendants. | |
| ASUSTEK COMPUTER INC. and ASUS, COMPUTER INTERNATIONAL<br><br>          Counterclaim Plaintiff,<br> vs.<br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>          Counterclaim Defendant. | |

\\

On August 22, 2008, the Court held an Initial Case Management/Status Conference in the above captioned patent case. Appearing for Plaintiff were John Schnerer, Esq., and Desa Burton, Esq. Appearing for Defendant were Robert Stone, Esq., and Jeff Boozell, Esq., Settlement could not be reached in the case at this time. The Court discussed compliance with the Patent Local Rules and based thereon, issues the following orders:

1. A single translator shall be used for all documents submitted to the Court.

2. Asustek Computer Inc. ("Asustek") and ASUS Computer International ("ASUS") shall have 200 deposition hours between them. International Business Machines (IBM) shall have 150 deposition hours.

3. Asustek and ASUS shall have thirty-five interrogatories between them. IBM shall have twenty-five interrogatories.

4. Initial Disclosures shall be exchanged on or before September 17, 2008, pursuant to F.R.Civ.P. 26(f).

5. Disclosure of Asserted Claims, Preliminary Infringement Contentions, and Document Production due *September 22, 2008*, pursuant to Patent L.R. 3.1, 3.2.

6. Preliminary Invalidity Contentions and Document Production due *November 18, 2008*, pursuant to Patent L.R. 3.3, 3.4.

7. Exchange of Preliminary Proposed Claim Constructions and Extrinsic Evidence due *December 1, 2008*, pursuant to Patent L.R. 4.1a, 4.1b.

8. Exchange of Responsive Claim Constructions and Extrinsic Evidence due *December 18, 2008*, pursuant to Patent L.R. 4.1c, 4.1d.

9. Meet and Confer to Narrow Claim Construction Issues completed before *January 20, 2009*, pursuant to Patent L.R. 4.1e.

10. Joint Claim Construction Chart, Worksheet and Hearing Statement due *January 20, 2009*, pursuant to Patent L.R. 4.2.

11. Completion of Claim Construction Discovery due *February 18, 2009*, pursuant to Patent L.R. 4.3.

12. Exchange of Opening Claim Construction Briefs and Supporting Evidence due *March*

*4, 2009*, pursuant to Patent L.R. 4.4a.

13. Exchange of Responsive Claim Construction Briefs and Rebuttal Evidence due *March 18, 2009*, pursuant to Patent L.R. 4.4b.

14. The Claim Construction Hearing will be held before **Judge Miller** on **April 9, 2009, at 9:00 a.m.**

15. Plaintiff's Final Infringement Contentions, if applicable, are due within thirty days of the Claim Construction Ruling. [Patent L.R. 3.6a.]

16. Disclosure of Opinion re Willful Infringement and related materials due thirty days before the Claim Construction Ruling. [Patent L.R. 3.8.]

17. Defendant's Final Invalidity Contentions, if applicable, are due fifty days before the Claim Construction Ruling. [Patent L.R. 3.6b.]

18. On or before *June 23, 2009*, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

19. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c) on or before *July 10, 2009.*

20. All discovery, **including experts**, shall be completed by all parties on or before *August 10, 2009*. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

21. All other pretrial motions must be filed on or before ***August 14, 2009***. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from

the law clerk of the judge who will hear the motion. **Be further advised that the period of time between the date you request a motion date and the hearing date may be up to three or more months. Please plan accordingly**. For example, you may need to contact the judge's law clerk three or more months in advance of the motion cutoff to calendar the motion. Failure to timely request a motion date may result in the motion not being heard. Questions regarding this case should be directed to the judge's law clerk. The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>. Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

22. The requirements of Civil Local Rule 16.1 (f)(2) to file Memoranda of Contentions of Fact and Law are waived.

23. Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before *November 13, 2009*.

24. Counsel shall meet and take the action required by Local Rule 16.1 (f) (4) on or before *November 20, 2009*. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify, and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c). Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

25. Objections to Pre-trial disclosures shall be filed no later than *November 27, 2009*.

26. The Proposed Final Pretrial Conference Order required by Local Rule 16.1 (f) (6) shall be prepared, served, and lodged on or before *November 27, 2009*.

27. The final Pretrial Conference is scheduled on the calendar of **Honorable Judge Jeffrey T. Miller** on *December 4, 2009, at 8:30 a.m.* Trial is scheduled before **Judge Miller** on *January 4, 2010 at 10:00 a.m.*

1  28. A post trial settlement conference before a magistrate judge may be held within 30 days of the verdict rendered.

2  29. The dates and times set forth herein will not be modified except for **good cause** shown.

3  30. Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

\\
\\
\\
\\
\\

31. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

IT IS SO ORDERED.

DATED: September 10, 2008

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court